No. ——

First Circuit

FREDERICK v. VAUTRAIN

(June 7, 1927. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 62—Sales—Par. 23.**

Under Article 2440 of the Civil Code an exception no cause of action is properly sustained to a petition and answer to prayer for oyer which admits that the agreement to buy real estate was oral and not written.

Appeal from St. Tammany Parish. Hon. Prentiss Carter, District Judge.

Action by C. Sidney Frederick against Henry Vautrain.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Miller & Heintz, of Covington, attorneys for plaintiff, appellant.

A. D. Schwartz and Harvey E. Ellis, of Covington, attorneys for defendant, appellee.

MOUTON, J. Plaintiff alleges that in July, 1925, he agreed with defendant to purchase a tract of land in Mandeville for $1800.00, on such terms as might be agreed upon; that accordingly defendant obtained a written agreement from Mrs. George Reine to sell the land for $1800.00, one-half cash, the balance in one year, and as part of the consideration he paid Mrs. Reine $180.00 on the purchase price.

Plaintiff then alleges: "That, such written agreement was taken in the name of said Henry Vautrain, but was for the joint and equal benefit of said Vautrain and petitioner, under the agreement made by them to purchase said property." From the foregoing allegations it is clear that plaintiff is claiming that defendant's agreement with him was to purchase the land jointly for them and for their equal benefit. In these allegations, however, the only discordant note is that Vautrain took the written agreement to sell from Mrs. Reine, in his name alone. Further, plaintiff alleges that defendant had notified him of the payment he had made of $180.00 as part consideraton on the promise of sale from Mrs. Reine; that he expressed his willingness to Vautrain to pay his share thereof which defendant refused to accept, and that the defendant contends plaintiff has no interest in the contract to purchase the property, "or in such property." Here again we have a distinct allegation from plaintiff that he has an interest in the agreement to sell from Mrs. Reine, or in the property itself.

Again plaintiff alleges that in May, 1926, defendant, Vautrain, fraudulently, "and for the purpose of depriving petitioner of his rights in said property and in the contract to purchase same," entered into a written agreement to sell the property to T. J. Foerster, and others, for $3500.00. What were the rights to which plaintiff refers in the above quotation, if they were not those of ownership he was asserting in the property, and of which he alleges defendant was wrongfully attempting to thus deprive him? Such is evidently the plain meaning of the allegation in the above quotation, particularly is it so when it is considered with the preceding averments of the petition.

As a logical sequence of the prior allegations, plaintiff then avers that he is entitled to one-half the profits to be realized from the sale of the property to T. J. Foerster by Vautrain.

In connection with his demand for a share in these profits, plaintiff also claims $2100.00 against defendant. The claim of $2100.00 is manifestly beyond our appellate jurisdiction, but which we will pass over without consideration, as there is no basis for this claim under the averments of the demand that are altogether directed to the profits of which plaintiff contends he has been unjustly deprived.

The defendant first filed an exception requiring, before answering, that plaintiff state whether his alleged contract with defendant to purchase the tract of land as set forth in his petition, was oral or in writing, and if in writing, that the defendant have oyer of the document.

In response to this exception, defendant admitted of record, that his contract with plaintiff, is an oral agreement or contract. An exception of no cause or right of action was then filed by defendant which was sustained, and the suit was dismissed.

Plaintiff appeals.

Defendant cites Article, Civil Code, 2440, which says that every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted. He refers to Article, C. C., 2275, which permits verbal proof of the sale of an immovable, when the vendor or vendee confesses it when interrogated under oath. There was no attempt made in the instant case to establish the title contended for by plaintiff by interrogating defendant, and the exception provided for in Article 2275 has

no connection with the issue presented.

It clearly appears from the allegations of plaintiff's petition that defendant had in violation of the alleged agreement placed the property in his own name, had refused to acept from plaintiff his share of the consideration of $180.00 defendant had paid to Mrs. Reine, and contended as alleged that plaintiff had no interest in the promise of sale from Mrs. Reine, or in the property; that to deprive plaintiff of his alleged right in the property, or in the contract to purchase it, defendant had entered into an agreement to sell it. Those allegations clearly presented claims of part ownership in the property by plaintiff and of the wrongful violation of these rights by defendant. The establishment of such rights would be impossible without involving the issue of title or ownership of the property. Plaintiff admitted in the record that his agreement with defendant was oral or verbal. It is therefore only by that character of evidence that he could establish his rights of ownership in the land, which the law says can be shown only in writing.

Counsel for defendant says the agreement was merely a joint adventure for the purchase of the land. They say, plaintiff is not asking to be recognized as the owner, or part owner of the land, but that under the contract defendant was simply to buy the land with a view of sharing the profits with plaintiff.

It would seem from that contention that plaintiff claims that he is suing for the alleged profits only, and the title or ownership of the property is not involved in the contest. The trouble is, how would it be possible for plaintiff to show that he was entitled to one-half the profits, unless it was proved by him that he was half owner of the land? Before he could reach the profits it would be incumbent upon him to prove his quantum of interest in the property. As he confessedly admits he has no written evidence to establish that fact he would be relegated exclusively to testimonial proof which is altogether inadmissible for such a purpose.

In another part of their brief counsel for plaintiff say: "No verbal agreement with the owner of the real estate is alleged." This is true as plaintiff alleges that the agreement to buy from Mrs. Reine by defendant was in writing. Counsel then continue and say: "That agreement was in writing, entered into by the defendant with the owner, in his own name, for the benefit, it is charged of himself and the plaintiff." It is plainly contended here that although defendant entered into the writing in his own name, it was in reality for the benefit of himself and the plaintiff. How could plaintiff establish the charge which is here levelled against defendant? In no other way, that we can see, except by proving by parol that he had, in violation of his agreement, taken the title in his individual name for the purpose of personally disposing of the property, and to thus deprive plaintiff of his share of the profits which which were to flow from his joint ownership.

Testimonial proof to show an oral agreement to buy real estate is inadmissible. Written evidence is required to establish such rights, and as plaintiff has no proof of that character the exception dismissing his suit was properly maintained.