MATTHEWS & FINLEY *v.* THEIR CREDITORS AND THE CREDITORS OF MATTHEWS, FINLEY & CO.

The clause of Art. 2675 of the Civil Code, which confers the lessor's privilege, is absolute and un-ambiguous ; the words " movable effects," " effets mobiliers," being too comprehensive to admit of doubt or discussion with reference to their application. The concluding clause of the article ap-pears to be rather illustrative than restrictive in its character ; therefore, *Held :* the assets of a banker, so far as they are susceptible of being pledged, should be subjected to the same right of pledge as the merchandize in a store. Both the merchant and the banker, for the purpose of trans-acting their respective branches of business, are compelled to occupy a building in which their movable effects are sheltered and protected.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
*Walker & Pierce,* for plaintiffs and appellants.   *Durant & Hornor,* for *Keane.   Benjamin, Bradford & Finney,* for *J. P. Whitney & Co.*

LEA, J.   (MERRICK, C. J., took no part in this decision.)   The only question for solution in this case is, whether the privilege and right of pledge of a lessor extends to *all* the movable effects of the lessee which are found on the property leased, or is confined in its application to the office furniture of the lessee.   The judgment appealed from, recognized the privilege and right of pledge of the lessor upon the notes, bills of exchange, certificates of stock, insurance scrip, etc., found on the leased premises, as forming a part of the *movable effects* of the lessee.

The appellant contends that the concluding paragraph of Article 2675 of the Civil Code, restrains " the application of the privilege and right of pledge to the furniture or merchandize contained in the house or apartment, if it be a store or shop."   It must be conceded that the language adopted by the compilers of the Code, in the articles referred to, is open to misconstruction.   It is to be observed, however, that the clause which confers the privilege is absolute and unambiguous,

the words "movable effects," "effets mobiliers," being too comprehensive to admit of doubt or discussion with reference to their application; and that the concluding clause appears rather illustrative than restrictive in its character.

If reference is to be had to the general principle upon which the lessor's privilege and right of pledge is based, we can see no good reason why the assets of a banker, so far as they are susceptible of being pledged, should not be subjected to the same right of pledge as the merchandize in a store. Both the merchant and the banker, for the purpose of transacting their respective branches of business, are compelled to occupy a building, in which their "movable effects" are sheltered and protected. This view of the case was adopted by our predecessors, in the case of *Bazin* v. *Segma*, 5 An., 718, which, in principle, is identical with the one at bar.

Our attention has been called to an intervention, filed herein by *N. B. Keene*, claiming to be an acknowledged creditor of the insolvents, who, upon the suggestion that he has taken an appeal' from the judgment homologating the tableau of distribution filed by the Syndic, which, if sustained, would result in the annullment of all the proceedings connected with said tableau, asks that the decision of the issue, involved in the opposition of *J. P. Whitney & Co.*, be reserved until the intervenor's appeal is determined.

In the absence of a consent to that effect, we do not feel at liberty to consider matters not on the record. The parties to the appeal have a right to have the issues, pending between them, determined solely by a reference to the pleadings and evidence, as they have themselves presented them.

It is ordered that the judgment appealed from, be affirmed, with costs.