On Motion to Dismiss.
LAND, J.
This is a suit against C. D. Stuart, individually and as executor of the estate of William H. Stuart, to recover 2,450 shares of the capital stock of the Ansley Land Company, Limited. The petition represented that 1,000 shares of said stock were pledged as collateral security for the payment of a note for $525, delivered to the' late William H. Stuart; that 950 shares were delivered to C. D. Stuart to secure a loan of $200; and that 500 shares were transferred to C. D. Stuart, without any consideration, to be by him held in trust for the-plaintiff. The petition represents that plaintiff had deposited in the registry of the court a sum of money sufficient to discharge both of said debts, principal and interest, and was therefore entitled to the return of all of said shares of stock. The petition charged that the said C. D. Stuart, as secretary and treasurer of said company, was about to have the said 1,950 shares of stock transferred to himself on the books of the concern, with the intent to defraud the plaintiff, and that petitioner feared that said Stuart might make use of his possession of the certificates of stock to send them out of the jurisdiction of the court, and might conceal, part with, or dispose of the same during the pendency of the suit. Plaintiff prayed for a writ of injunction directed to C. D. Stuart, individually and as secretary and treasurer of the Ansley Land Company, Limited, restraining him from transferring said *333 shares of stock on the books of said company, and for a writ of sequestration directing the seizure of the certificates representing said shares of stock.
The petition prayed that O. D. Stuart, individually and as executor of William H. Stuart, be cited, and for judgment against him in both of his said capacities, decreeing that plaintiff is the owner of all of said certificates of stock, and is entitled to the possession of the same, and maintaining and perpetuating the writs prayed for, and for costs and general relief.
The writs issued as prayed for, and the sheriff notified the defendant of the seizure in his hands of the certificates described in the petition, and demanded possession of the same. The defendant declined to deliver the certificate. Thereupon the plaintiff ruled the defendant to compel him to deliver the said certificates to the sheriff. This rule was tried and made absolute, and at the same time all the rules and exceptions filed by the defendant were discharged and overruled. This judgment was signed on May 2, 1906, and a suspensive appeal was granted therefrom on May 4, 1906. This appeal was perfected, and is now pending in this court, under No. 16,149.
On May 4, 1906, a judgment by default was entered against the defendant, O. D. Stuart. On May 7, 1906, the defendant moved to set aside the default on the ground that the suspensive appeal taken on May 4, 1906, had divested the jurisdiction of the court during its pendency. On May 10, 1906, the judgment of default was confirmed. On May 11, 1906, the defendant moved to set aside the judgment on various grounds. On November 30, 1906, defendant moved the court to order the plaintiff to give new security on the injunction and sequestration bonds. On January 4, 1907, the motion for a new trial was overruled, and the judgment was signed. The defendant thereupon obtained an order for a suspensive appeal, and executed bond in the sum fixed by the court.
The motion and order for appeal reads as follows:
“H. E. Ansley vs. O. D. Stuart. No. 73,166, Civil District Court, Division B.
“On motion of Dinkelspiel, Hart & Davey, attorneys for the defendant, and on suggesting to the court that he is informed and verily believes there is error to his -prejudice in the final judgment herein rendered against him, and in favor of the defendant, and that he is desirous of appealing therefrom.
“It is ordered by the court that mover be allowed a suspensive appeal from said judgment, returnable to the honorable the Supreme Court of the state of Louisiana on the third Monday of January, 1907, upon his furnishing bond in the sum of thirty-seven thousand five hundred dollars, conditioned according to law.”
The bond recites that Charles D. Stuart as principal, and W. O. Hart as surety, are held and firmly bound, etc.; that the said Stuart had filed his motion for an appeal from a final judgment rendered against him in said suit, on May 10, 1906, and signed January 4, 1907; and that the condition of the obligation is such that the above-bound C. D. Stuart shall prosecute his said appeal and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of his estate, real or personal, if he be cast in the appeal, otherwise that the surety shall be liable in his place. The bond is signed O. D. Stuart by his attorneys of record, and by W. O. Hart.
We will consider the grounds of the mo-tion to dismiss in their order:
1. That it does not appear on whose behalf or in whose interest the appeal herein sought to be effected was obtained, whether in favor of C. D. Stuart individually, or the, estate of William H. Stuart, of which O. D. Stuart is the testamentary executor.
The term “defendant,” used in the motion for an appeal, is broad enough to include C. D. Stuart in both of his capacities. It is to be noted that the default was entered against .“the defendant, C. D. Stuart,” and *335 that he appears as the defendant in the title of the suit.
2. The contention that the appeal was granted to the attorneys and not to the defendant needs no discussion. Logically and grammatically, the defendant was the “mover” on the face of the record. The attorneys appeared merely as his representatives.
3. The contention that O. D. Stuart furnished no bond for the prosecution of the appeal is refuted by the bond itself.
4. 5. These grounds assume that the attorneys took the appeal in their own behalf. The appeal was taken from the final judgment rendered “against the defendant.” The addendum in the motion that this judgment was in “favor of the defendant” is manifestly a clerical error, as shown by the judgment itself.
6. The bond shows on its face that it was executed by Charles D. Stuart, and it is at least sufficient to support an appeal by him individually. The bond recites the date of the judgment appealed from, and its conditions are in due form.
The motion to dismiss is therefore overruled.