(102 So. 193)

No. 26721.

STOUT v. HENDERSON.

In re STOUT.

(Nov. 3, 1924. Rehearing Denied Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Judgment ⬅124—In confirming defaults, citation and return of sheriff need not be formally offered in evidence.**

In confirming a default, citation and sheriff's return, showing personal service on defendant, need not be formally offered in evidence.

2. **Appeal and error ⬅934(3)—Confirmation of default held based on sufficient proof.**

Where record showed that defendant appeared and executed bond for property, that personal service was had and "default made final on proof," and judgment recited that plaintiff proved demands in open court, and that law and evidence was in his favor, it must be presumed that confirmation of default judgment was based on sufficient proof, especially as motion for new trial was overruled.

3. **Judgment ⬅126(1)—Default held not to have been proved contrary to custom.**

Contention of defendant that counsel for plaintiff acted contrary to custom of court in proving up default *held* without merit, where defendant, on trial of motion, made no effort to prove custom, and trial court, who is presumed to know custom of his court, refused to grant new trial, thus negativing existence of alleged custom.

4. **Appeal and error ⬅907(3)—Judgment presumed rendered on proper evidence.**

In absence of note of evidence and statement of fact, it cannot be assumed that judge acted erroneously in confirming judgment on default under evidence, since a judgment must be presumed rendered on proper evidence.

5. **Appeal and error ⬅713(1)—Document not filed in Court of Appeal not considered on appeal to Supreme Court.**

Document entitled "Answer to Appeal," not filed in Court of Appeal, will not be considered by the Supreme Court, although in record.

O'Niell, C. J., and Overton, J., dissenting.

Action by J. H. Stout against J. E. Henderson. Judgment for plaintiff by default. Defendant's motion for new trial was overruled, and he appealed to the Court of Appeal, which reversed the judgment. On plaintiff's writ of review and application for certiorari. Judgment affirmed.

Hudson, Potts, Bernstein & Sholars, of Monroe, for applicant.

Percy Sandel, of Monroe, for respondent.

By the WHOLE COURT.

LAND, J. Plaintiff obtained judgment, by confirmation on default, against the defendant in the sum of $1,500, for rental of a drilling rig for three months, at the rate of $500 per month, and for annulment of the contract of lease.

A motion for a new trial was filed by defendant and overruled. A suspensive appeal was taken to the Court of Appeal of the Second Circuit, and the judgment of the lower court was reversed. The case is before us under a writ of review.

1. The grounds of the motion for a new trial are substantially that said judgment was proven upon default, when plaintiff's counsel knew and had been advised that an answer would be filed in the case, and that the case would be regularly set for trial; that defendant had a good and valid defense to said suit, as plaintiff's counsel well knew; that the judgment herein is a great injustice to defendant; that no citation or return thereon was annexed to the record or offered in evidence, and that said judgment was confirmed on default, without any proof of citation to defendant.

[1, 2] As shown by the record, the defend-

ant made his appearance in the suit by application to bond the property, which had been seized under a writ of sequestration, and executed bond for its release. In addition to this, we find in the record a citation and return showing personal service on defendant, and filed with the clerk on the 24th day of October, 1923, the day upon which the judgment was taken.

There is no law requiring that, in confirming a default, the citation and the return of the sheriff thereon should be formally offered in evidence. The citation is in the record, and the return thereon is regular. It was evidently before the trial judge on the confirmation of the default.

The record contains no note of evidence or statement of facts. The minute entry, of date October 24, 1923, is as follows:

"Default made final on proof. Judgment for plaintiff. Judgment read, signed, and filed. See decree."

The judgment in favor of plaintiff recites that he proved his demands in open court, and that the law and the evidence was in his favor. Under these circumstances, it must be presumed that the judgment was based upon sufficient proof, especially as the motion for new trial was overruled by the district judge.

We are not called upon in this case to review a statement of facts or a note of evidence taken upon the trial, and to decide whether the judgment is sustained by the proof offered.

[3] 2. As to the complaint in the motion for new trial that counsel for plaintiff acted contrary to the custom of the court in proving up the default, after he had been requested not to proceed until defendant's counsel got into the courtroom, it is to be observed that plaintiff's attorney refused and declined to accede to this request. Although defendant had the right on the trial of his motion to prove the custom of the court,

he offered no evidence for such purpose. Gernon v. Handlin, 19 La. Ann. 25.

The trial judge is presumed to be acquainted with the custom of his court. His refusal to grant a new trial in this case negatives the claim of the existence of such custom under the state of facts disclosed in the motion. The minutes show no offer by defendant to file an answer in the case. Defendant does not pretend that counsel for plaintiff consented not to confirm the default, and then violated his agreement; nor does defendant intimate that there was any misunderstanding between counsel on the subject.

A default had been regularly entered in the minutes, and was ripe for confirmation, when judgment was rendered. Citation had issued, had been personally served, return had been made by sheriff, and citation and return had been filed in clerk's office. We find, therefore, no legal reason why plaintiff should not have proceeded with the proof of his demand.

3. Defendant has not stated the nature of his defense in his application for a new trial. In the recent case of Raphiel v. La. Ry. & Nav. Co., 155 La. 595, 99 So. 461, the court said:

"No court may legally set aside and avoid a judgment by default, confirmed in strict conformity with all the requirements of law, in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in furtherance of justice."

[4] It cannot be assumed, in the absence of a note of evidence and of a statement of facts, that the trial judge has acted erroneously in confirming a judgment on default under the evidence adduced before him. A judgment must be presumed to have been rendered on proper evidence.

[5] 4. We find in the record a document numbered "2071," entitled "J. H. Stout v. J. E. Henderson," and indorsed "Answer to Appeal." This document is a verification by one of plaintiff's attorneys to the petition

filed in the court below. The answer to the appeal appears at the first page of the record, but was not filed in the Court of Appeal. It is not, therefore, before us for consideration.

For the reasons assigned, the judgment of the Court of Appeal of the Second Circuit is reversed and set aside, and it is now ordered that the judgment of the Sixth judicial district court in favor of plaintiff be reinstated and affirmed.

O'NIELL, C. J., dissents, and hands down reasons.

OVERTON, J., dissents, for the reasons given by the Chief Justice.

O'NIELL, C. J. (dissenting). It was never intended that the authority of this court to review the judgments of the courts of appeal—which is a part of our supervisory jurisdiction—should ever be used to prevent the other court's exercising its discretion. In this case, to avoid injustice, and as a matter of equity, the Court of Appeal, in the exercise of its discretion, set aside a judgment taken by default, and remanded the case to allow the defendant a hearing on the merits of the case. No injustice could possibly have resulted from such a decree. If the plaintiff was entitled to a judgment, he would have obtained it after a trial of the case on its merits; if not, the decree of the court of appeal would have avoided an injustice. The decree of the Court of Appeal did not end the suit; and it is not such a judgment or decree as was intended to be reviewed by this court. If the Court of Appeal had refused the defendant a hearing, we might be justified in reversing the decree. But we are not warranted, in the exercise of our supervisory jurisdiction, in substituting, for a decree which only tends to do justice, and which cannot possibly do injustice, and which does not violate any law, a decree which merely denies to a party his day in court, and which may therefore be a hardship.

The majority opinion and decree in this case is a bad precedent. I respectfully dissent from it.