No. 10,286.
Orleans

---

WALTER GOLDMAN v. JOHN H. THOMSON, Appellant.

---

(February 1, 1926.    Opinion and Decree.)
(February 15, 1926.    Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 594.**

Where the recitals in a judgment taken by default are that "plaintiff has made due proof of his claim," it will be presumed that legal and sufficient evidence was before the Court.

2. **Louisiana Digest—Judgment—Par. 43.**

In City Court suits for money demands within amount stated in Act 128 of 1921, no preliminary default is necessary, and delays for answering are three days only, Sundays and holidays excluded. A judgment taken in conformity with these provisions is valid.

Appeal from the First City Court, Parish of Orleans, Section "C", Hon. William V. Seeber, Judge.

Plaintiff obtained a judgment by default. Defendant asked for a new trial, which was refused. Defendant appealed. Judgment affirmed.

B. T. Cahn of New Orleans, attorney for plaintiff, appellee.

Arthur Landry of New Orleans, attorney for defendant, appellant.

BELL, J.    Plaintiff sued defendant in the First City Court of New Orleans and obtained judgment by default in the sum of $140.00. The material allegations of the petition, sworn to by plaintiff's attorney, were as follows:

"That petitioner sold and delivered to the said defendant at his instance and

request certain goods and merchandise for the agreed price of $140.00. That said sale and delivery was made on and about September 2, 1922; that the merchandise was delivered to defendant, at his residence, No. 7934 Poplar Street, to defendant's wife, and was by her accepted and received for the said defendant; that said merchandise was payable in cash on delivery. * *. *

"Petitioner avers amicable demand and failure on the part of defendant to pay the amount past due."

Citation was duly served upon defendant on February 3, 1923, and judgment by default was taken on February 12, 1923.

On February 15, 1923, defendant filed motion for a new trial, and on September 23, 1923, after due hearing, same was denied. A suspensive and devolutive appeal was taken by defendant on October 5, 1925.

On February 12, 1923, the same day upon which judgment by default was taken, plaintiff made and filed in Court an affidavit reading as follows:

"Walter Goldman, of full age, a resident of this city, who having been first duly sworn, according to law, declared:

"That he is the plaintiff named in proceeding No. 109,531 of the docket of the First City Court of New Orleans, entitled Walter Goldman vs. John H. Thomson, Div. "C." That he has read the petition therein filed; that all the facts and allegations therein are true and correct; that said defendant John H. Thomson is still indebted unto affiant in the full sum of one hundred and forty dollars, no part of said indebtedness having been paid since the institution of the said suit.

"Sworn to and subscribed before me this 12th day of February, 1923.

WALTER GOLDMAN (Sgd.)
BERTRAND I. CAHN (Sgd.),
Notary Public."

The judgment, which was duly rendered and signed by the trial judge, contains other recitals that plaintiff made due proof of his claim. The following reasons (among several others which need not be noted for purposes of this appeal) are set forth in the motion for new trial, and are urged on appeal as grounds for reversal of the judgment:

First. That counsel for plaintiff took a default contrary to the agreement with defendant's counsel, "that he would wait a week for the filing of an answer or other defenses on behalf of defendant."

Second. That no preliminary default was taken and that judgment by default was entered in less than ten days after service of citation, all in contravention with Section 91, Article VII, of the Constitution of 1921, wherein it is provided that suits filed in the First City Court of the City of New Orleans, involving money demands above one hundred dollars and not exceeding three hundred dollars, shall be tried, and the testimony and evidence therein taken in the same manner as cases tried in the Civil District Court.

Third. That defendant was not legally cited.

Fourth. That the suit was upon a contract for sale of merchandise, payable cash on delivery—as alleged by plaintiff—and not a suit upon open account, and hence judgment was rendered on insufficient proof; that is to say, upon the ex parte affidavit above noted.

I. The record shows that domiciliary service of citation was made on February 3, 1923, and that judgment by default was not taken until February 12, 1923, that is, ten days after filing of the suit, and nine days after citation. There is no legal proof in the record as to the alleged agreement between counsel regarding delays for answering, but if such an agreement existed there is record proof that it was not violated.

II. Act 128 of 1921 is the law governing procedure as to delays for answering,

and also as to taking of defaults in suits similar to the one now under consideration. It is expressly stated in the Act that delays for answering shall be three days only, Sundays and holidays excluded, and that no preliminary default shall be necessary prior to judgment.

III. The return on the citation shows that defendant was legally and properly cited. The objection as to delays for answering before taking of default admits citation, and waives all formality as to service thereof.

IV. It is plain from the allegations of the petition that the contract for merchandise, which was not paid for on delivery, gave rise to a demand for a sum due on open account. Under these circumstances, an affidavit of the correctness of the account was prima facie proof of the demand, and constituted sufficient evidence to justify a judgment by default, all as provided by Act 90 of 1904, amending Article 312 of the Code of Practice.

Although there is no note of evidence in the record showing that the affidavit of plaintiff, as above set forth, was offered in support of the demand, there is a specific recital in the judgment to the effect that plaintiff made due proof of his claim.

"A judgment by default must express the ground on which it is rendered, but it is sufficient to state in the final judgment that the demand was proved." C. P. Art. 315.

In Fowler vs. Smith, 1 Rob. 448, it was held:

"Where it is not certified that the record contains all the evidence adduced on the trial, and the judgment purports to have been rendered on due proof of the plaintiff's demand, it will be presumed that evidence was offered to satisfy the court, though the record does not otherwise show that any was produced."

In Hubbell vs. Clannon, 13 La. 494, the court, affirming a judgment by default, said:

"The judgment expresses that it was confirmed and made final 'on due proof of the plaintiff's demand'; and the 315th Article of the Code of Practice, cited by the appellant, positively declares that this is sufficient."

The rule is broadly stated in Black on Judgments, Sec. 271, as follows:

"When nothing whatever is shown, if evidence were necessary to have authorized the particular decision complained of, it will be presumed that the evidence was before the court and that it fully justified the conclusions reached."

In Lamazon vs. Bromschwig, et al., No. 7693 Orl. App. (Book 56), this Court held:

"When it appears that testimony which was taken in the trial of the case is not in the transcript, the presumption is that the judgment of the District Court was rendered upon sufficient evidence and that it is correct; in the absence of a statement of facts, the judgment will be affirmed.

"There is neither law nor rule of court that requires a litigant to make a note of evidence or to take down the testimony in writing."

See also Miller vs. Whittier, 6 La. 72; Allen vs. Peytavin, 10 La. 40; Patterson vs. Bonner, 15 La. 232; 1 Rob. 448; Escurieux vs. Chapduc, 4 Rob. 325; Landry vs. Pres. Dir. of Jefferson College, 7 Rob. 179; Succession of Franklin, 8 La. Ann. 437; Smith vs. Stewart, 22 La. Ann. 73; Graham vs. Rice, 23 La. Ann. 393; Smith vs. City of N. O., 24 La. Ann. 20; Fuqua vs Chaffe & Brother, 26 La. Ann. 148; Jacobshagen vs. Moylan, 26 La. Ann. 734; City of New Orleans vs. Labatt, 33 La. Ann. 107; Verges vs. Gonzales, 33 La. Ann. 415; Nugent vs. Stark and Husband, 34 La. Ann. 631; Fazende & Seixas, In Re., 35 La. Ann. 1147; Succession of Chas. M. Pilcher, 39 La. Ann. 364, 1 So. 929; Miller, Lyon & Co. vs. Cappel & Curry, 39 La. Ann. 881, 2 So. 807; Succession of John T. Moore, 42 La. Ann. 335, 7 So. 561; Harrison & Bro. vs. Their Creditors, 43 La. Ann. 91, 9 South. 15; Goodrich vs. Newell, 43 La. Ann. 378, 8 So. 921; State vs. Dennie, 51 La. Ann. 610, 25 So. 394;

Ansley vs. Stuart, 123 La. Ann. 341, 48 So. 953; Garig vs. Truth Printing & Pub. Co., 123 La. Ann. 902, 49 So. 632; Freeman on Judgments, Vol. I, Secs. 387, 388.

None of the mandatory grounds for the granting of a new trial as enumerated in Article 560 C. P. are shown to have arisen in the instant case. The judgment appealed from is correct, and should be affirmed.