## No. 492
### First Circuit

## DONALDSON v. SHERIDAN

(October 10, 1929.   Opinion and Decree.)

J. J. Jackson, of Hammond, attorney for plaintiff, appellee.

Ott & Johnson, of Franklinton, attorneys for defendant, appellant.

MOUTON, J.   Plaintiff sues defendant for $375.   His suit is based, substantially, on the allegations that he was given the exclusive agency by defendant to sell a property located in Hammond for $9000 on a five per centum commission by written agreement on the sale price within a fixed period of thirty days from the date of the agreement; that shortly after the date agreed upon, defendant personally or through the mediation of another, sold the property for $7500, which made it impossible for plaintiff to carry out his contract of agency with which he was willing to comply.   Defendant was properly cited, a preliminary default was entered against

him and subsequently confirmed within the legal delays for the amount claimed.

In the record appear the petition, citation on defendant at domicile, with proper return by the sheriff. There is, however, no written agreement in the record constituting plaintiff the agent of defendant to sell the property on a per centum basis as by him alleged, and no proof, oral or documentary, showing that defendant had violated his contract by selling the property through himself or another agent.

The contention of defendant appellant, is that the absence of such proof is fatal to plaintiff, and that the judgment confirming the default should be annulled and the case dismissed.

It may be proper to state at the outset that "we are not called upon in this case to review a statement of facts or a note of evidence taken upon the trial, and to decide whether the judgment is sustained by the proof," as was stated by the court (Stout vs. Henderson, 157 La. 169, 102 So. 193, 194), in a case involving similar issues to those presented herein. The question here is as to whether, in the absence of a note of evidence, it must be presumed that the lower court proceeded to judgment on proper or sufficient evidence.

The clerk in his minute entry says in reference to the confirmation of the default that it was confirmed upon plaintiff "offering in evidence the original citation with the sheriff's returns thereon, together with the record in the case, etc."

If, as counsel for appellant contends, the offering was restricted to the petition, citation and return of the sheriff, why should the clerk have said in that minute entry that this offering was made "together with the record in the case?" If the offering

had been limited to the citation and return, the words "together with the record" would not have been used. The word record, so used, must have reference to documentary proof or oral testimony which constituted that record referred to in connection with the citation and return, as hereinabove stated. Besides, this view of the minute entry is corroborated by the fact that in the judgment confirming the default it is stated it was rendered on the production by the attorney of "due proof in support of plaintiff's demand." See Ansley vs. Stuart, 123 La. 330, 48 So. 953, and where it is also stated, that the certificate of the clerk must yield to the minute entry.

Counsel for appellant contends that the judgment should be annulled, particularly, because the suit was predicated on a written contract of agency which is not in the record.

In Smith vs. City of New Orleans, 24 La. Ann. 20, where the suit was on a note a similar objection was raised, but the court held that though the note was not offered in evidence, and that the record did not show that any proof had been introduced, the presumption was that the lower court had proceeded on proper evidence. Hence, the presumption in this case is that sufficient evidence was offered on the written agreement, and also to show that defendant had violated his contract. See also Stout vs. Henderson, 157 La. 169, 102 So. 193; Ansley vs. Stuart, 123 La. 330, 48 So. 953.

---

ELLIOTT, J., dissenting.

The argument in the brief of defendant appellant that copies of two conveyances brought up in the record were not offered in evidence and are therefore not part of

the record, and his citation of the case entitled Patsey Peters Daniels vs. John Wesley Peters et al., are not noticed in the opinion of the majority of the court.

I concur in the opinion to that extent.

Defendant Sheridan brought up the appeal in the form of a record under a certificate from the clerk of court which declares: "The foregoing to be a complete original record containing all the papers and documents filed therein and certified copy of the minute entries in the suit entitled Robert L. Donaldson vs. D. E. Sheridan, No. 2210 on the Civil Docket of this Honorable Court."

The copies of conveyances do not bear a filing mark, but it does not necessarily follow that they were not offered in evidence. All documents offered in evidence should have been filed, but if offered in evidence the court could act on them, even though the clerk of court neglected to file them.

Under the certificate the record containing them is "complete," therefore without them, it would not be; consequently, it must be assumed that all the papers and documents brought up were offered in evidence and constitute the proper record of the suit.

The opinion of this court mentioned, supports defendant's contention, and it is not supposed that the copy of it attached to defendant's brief may not be a true copy, but the court was not then composed as it is now. It is not a reported decision, and therefore it should have been certified to by the clerk of court.

But the contention of defendant appellant that the judgment by default against him herein was confirmed without sufficient evidence, is in my opinion, well founded, and I dissent from the majority of opinion on that subject. Plaintiff's sole cause of action is set out in averments 3 and 4 of his petition as follows:

"3. That on the 11th day of June, 1928, petitioner accepted the irrevocable, exclusive employment tending toward the sale of certain property of said Sheridan, located in the City of Hammond, Louisiana, for the price of $9000.00, to extend through a period of 30 days from the date of such agreement, petitioner's compensation being fixed at 5 per centum of the sale price of said property, as will appear from said agreement, which was in writing and is hereto attached by reference and made part hereof, the same though as if written herein in extenso.

"4. That subsequent to said agreement and shortly after the day therein shown, petitioner is informed, believes and so alleges, that said Sheridan himself, personally or through the mediation of some other person or persons, sold, transferred and delivered the said property to Evon G. Till for the price and sum of $7500.00, which said transfer and act of sale, so petitioner is informed, believes and alleges, is of record in this parish and state, and is made part hereof, the same as if wholly written herein."

In confirming a default the plaintiff must prove his demand in all cases. Code Practice, arts. 312 and 315. The demand could not be proved in this case except by the production and offering in evidence of the written agreement declared on in plaintiff's petition.

The minute entry showing the confirmation says that plaintiff—"upon offering in evidence the original citation with sheriff's returns thereon, together with the record in the case, it is ordered that there be judgment in favor of the plaintiff and against the defendant as prayed for."

The judgment confirming the default recites that: "On motion of John J. Jack-

son, attorney for plaintiff, and on producing due proof in support of plaintiff's demand, the court being of the opinion, and the law and the evidence being in favor of the plaintiff and against the defendant, and for the oral reasons assigned," etc.

Neither the recital of the minute entry nor the above language used in the judgment justifies the deduction, in my opinion, that there were any papers or documents produced to the court and offered in evidence on the confirmation of this default, except those contained in the record certified to by the clerk of court.

The Code Practice, arts. 585 and 896, intend that the record of appeal certified to by the clerk of court shall show to the appellate court what evidence was before the lower court, when there is a record brought up certified to as the law provides. The "record" referred to in the minute entry was brought up. It shows that the statement contained in the judgment can refer to no proof except that contained in the record. The record contains no agreement of the kind mentioned in the petition; nor does it indicate that any was produced to the court and offered in evidence. The statement that the plaintiff produced due proof, etc., must be judged by the minute entry and certificate showing that no written proof was adduced, and from which it follows that the default was confirmed without due proof. See Deblanc vs. Deblanc, 15 La. Ann. 224.

In La. State Bank vs. Senecal, 9 La. 225, the syllabus reads as follows:

"In taking judgment by default and making it final in the absence of any defense, on proving the plaintiff's demand, no evidence can be legally given of a fact not alleged."

In that case the opinion shows that the fact not alleged, was notice of protest, and the court said in the body of the opinion:

"The counsel for the bank urges that notice may have been proven on the trial and before obtaining final judgment. He further contends that no defect of pleadings can be assigned as error, on the face of the record, which might be cured by legal evidence. This would be correct if there had been a trial on an issue made up by filing an answer; for then the consent of the party might be inferred from the want of objection being made to the omission or defect. But in the absence of any defense, no evidence can be legally given of a fact not alleged in the petition."

In Lockett vs. Toby, 10 La. Ann. 713, rehearing p. 717, the defendant was absent at the time of the trial but had filed an answer in the case. Parol evidence was introduced as to the ownership of real estate. The court held that the defendant having answered, the parol evidence showing the ownership of real estate might be considered. Citing and approving 9 La. 225; but that such evidence could not have been considered if it had been offered in confirming a default.

In Underwood vs. Lacapere, Landry & Bush, warrantors, 10 La. Ann. 766, the syllabus reads:

"A defendant in a suit, having filed an answer, is presumed to have been present at the trial, and can, if no bill of exception is taken to the admissibility of testimony, avail himself of an objection in the Supreme Court.

"When a warrantor has made default, the party who has called him is bound to prove his demand, and this by testimony that appears prima facie to have been taken according to law."

In Craver vs. Gillespie, 148 La. 182, 86 So. 730, the syllabus reads in part:
"When defendant defaulted, evidence re-

ceived in proving up the default could not enlarge the cause of action pleaded, because defendant was not present consenting."

In Gubernator vs. City of New Orleans, 20 La. Ann. 106, the syllabus reads in part:

"Where the record discloses the fact that a judgment by default has been confirmed without introducing the evidence on which it is founded, although it is on file in the case, the judgment will be declared null and void on appeal, and the case will be remanded to be proceeded in according to law."

In Dunham & Co. vs. Locke, 149 La. 897, 90 So. 256, the syllabus reads in part:

"C. P., Art. 312 requires that to confirm a judgment taken by default, the plaintiff must in all cases prove his demand. And to recover for materials furnished a contractor and used in the owner's building, the judgment not showing contractor's default or failure to carry out his contract, or that any demand was ever made upon him or his surety, will not be sustained."

In the Gubernator and Dunham cases the Supreme Court, acting on the record, reversed the judgment appealed from because of the lack of evidence to support the confirmation.

In the present case Sheridan never made any appearance; consequently the cause of action alleged could not be enlarged against him. But even if the record had shown that parol evidence of the alleged agreement had been offered, it could not have been considered.

Stout vs. Henderson, 157 La. 169, 102 So. 193, 194, cited in the opinion of the majority of the court, in which the court said: "We are not called upon in this case to review a statement of facts or the note of evidence taken upon the trial, and to decide whether the judgment is sustained by the proof offered," appears to

have been a case in which there was no note of testimony, and in which parol evidence might have been admitted in confirming the default.

In the case now before us the minute entry shows that the record before us was offered in evidence, and the certificate shows what it contained.

The effect of the provisions of the Code Practice, arts. 175, 324, 325, 326, and Civil Code, arts. 2244, 2245 is that the maker of a note is supposed to admit his signature to the note, if he does not appear and deny it. Kearney vs. Fenner, 14 La. Ann. 870. But certainly the note sued on, must, on confirming the default, be produced and offered in evidence.

I think the judgment against the defendant in this case should be annulled, avoided and set aside, and plaintiff's demand rejected as in case of non-suit.