MARTIN et al. v. DISTRICT GRAND LODGE NO. 21 OF THE GRAND UNITED ORDER OF ODD FELLOWS, INC., OF LOUISIANA.*

No. 4445.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

F. B. Smith, of New Orleans, for appellant.

J. P. Wallace, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiffs, John M. Martin and George W. Martin, are the sole heirs of John Henry Martin, deceased. They allege that the defendant, the District Grand Lodge No. 21 of the Grand United Order of Odd Fellows, Incorporated,

*Rehearing denied April 28, 1933.

of Louisiana, is indebted unto them in the sum of $500, with 5 per cent. per annum interest from August 7, 1931, for this:

That their father was a member of the defendant order in good standing at date of his death on August 7, 1931; that, as an incident to his membership therein, he was required to apply for and receive from the endowment bureau of defendant a death benefit certificate in the sum of $500; that Mrs. Cecilia Whiteman Martin, second wife of the deceased, who was named as beneficiary in said certificate, died prior to the demise of her husband; that petitioners are the sole issue of the marriage of their father to their mother, Willie Anna Lowery Martin, and that there was no issue of his second marriage; that subsequent to the death of the second wife, John Henry Martin, by last will and testament, named petitioner, John M. Martin, beneficiary under said death benefit certificate, as appears from proceedings No. 58732, on the docket of the district court of Caddo parish. Petitioners further allege that said certificate, with death proofs, has been sent to defendant and is now in its possession; that payment under the certificate has been refused, after amicable demand.

The petition contains several other allegations covering history in connection with the certificate in question, which, for the purposes of this opinion and decree, need not be mentioned here.

Defendant filed what was called by it an exception of no right or cause of action, the salient part of which is as follows: "That plaintiffs have no right or cause of action herein for the reason that plaintiffs were never at any time designated as beneficiaries of the said deceased under the rule governing defendant institution, and further, that as to the firstly named petitioner, John M. Martin, the designation as beneficiary in a fraternal organization cannot be made by will."

This exception was tried and overruled on September 28, 1932. No answer was filed, and a default was regularly taken on October 29th. Judgment confirming the default was read and signed in open court on this date. It reads as follows:

"In this cause a preliminary default having been regularly entered, and the same not having been set aside, and more than two clear days having elapsed since the entry of same, and the law and the evidence being in favor thereof;

"It is ordered, adjudged and decreed that there be judgment in favor of John M. Martin and George W. Martin, and against the defendant, District Grand Lodge No. 21 of the Grand United Order of Odd Fellows, Incorporated, of Louisiana, in the full sum of Five Hundred ($500.00) Dollars, with 5 % per annum interest from August 7, 1931, until paid, and all costs of this suit."

From this judgment defendant prosecutes this suspensive appeal.

■■■ There is no note of evidence in the record nor any statement of facts as authorized by articles 602 and 603 of the Code of Practice. No error on the face of the record has been assigned, and, after close examination thereof on our part, we find none.

Articles 312 and 315 of the Code of Practice read as follows:

"*Definitive Judgment After Two Days*—Nonappearance of defendant—Proof of demand.—If, two days (whether judicial or nonjudicial but exclusive of Sundays and legal holidays) after the first judgment has been rendered, the defendant neither appear nor file his answer, definitive judgment will then be given for the plaintiff, provided he prove his demand. This proof is required in all cases, and when the demand is for a sum due on an open account, then an affidavit of correctness thereof, before any competent officer, shall be prima facie proof."

"*Final Judgment—Sufficiency.*—A judgment by default must express the ground on which it was rendered, but it is sufficient to state in the final judgment that the demand has proved."

When the two days' delay provided in this law has expired, and defendant has not answered, excepted, nor asked for additional time to answer or plead, plaintiff, without further delay or action, is authorized to call the case up for trial and establish by competent evidence the verity of his demand. This proof is required in all cases. In the present case, twenty-seven days elapsed between the date of default and confirmation thereof. The judgment does not state that "the demand has proved," as required by Article 315 of the Code of Practice, but it does say that "the law and evidence" is in favor of the decree the court rendered and signed, which is equivalent to saying that proof of the correctness of plaintiffs' demand had been adduced. This is all that is required to confirm a default. The trial court, in such circumstances, is presumed to have acted on competent and sufficient evidence introduced before it.

In Fowler v. Smith, 1 Rob. 448, it was held: "Where it is not certified that the record contains all the evidence adduced on the trial, and the judgment purports to have been rendered on due proof of the plaintiffs' demand, it will be presumed that evidence was offered to satisfy the court, though the record does not otherwise show that any was produced."

And in Hubbell v. Clannon, 13 La. 494, the court, affirming a judgment by default, said: "Where the judgment expresses that it was confirmed and made final on due proof of the plaintiff's demand, it is sufficient grounds according to article 315 of Code of Practice."

This question is discussed to considerable

extent in Goldman v. John H. Thomson, 3 La. App. 469, whereof the syllabus reads: "Where the recitals in a judgment taken by default are that 'plaintiff has made due proof of his claim,' it will be presumed that legal and sufficient evidence was before the Court."

And in Donaldson v. Sheridan, 11 La. App. 498, 124 So. 193, the court held: "In absence of note of evidence, it will be presumed on appeal that trial court proceeded to judgment confirming default on proper or sufficient evidence." See, also, Smith v. City of New Orleans, 24 La. Ann. 20; Stout v. Henderson, 157 La. 169, 102 So. 193; Ansley v. Stuart, 123 La. 330, 48 So. 953.

■ Defendant's counsel in oral argument and in brief discussed issues that could have been considered only after filing of answer denying the allegations of plaintiffs' petition, and injecting thereby new matters of defense that would not have been raised by general denial. This line of argument overlooks entirely the fact that the case was not put at issue, except by default, and that this court can only view the case from the record as built up in the lower court and transferred here by appeal.

Finding no error in the judgment appealed from, it is hereby affirmed.

MILLS, J., recused.