LANDRENEAU v. PERRON.

No. 1704.

Court of Appeal of Louisiana. First Circuit.

May 6, 1937.

Atlee P. Steckler, of Ville Platte; for appellant.

Guillory & Guillory, of Ville Platte, for appellee.

LE BLANC, Judge.

This suit has for its object the enforcement on the part of defendant, by specific performance, of a certain agreement alleged by plaintiff to have been entered into between himself and the said defendant on December 13, 1935, by the terms of which the defendant would purchase from the Federal Land Bank of New Orleans, a certain tract or parcel of land, with improvements thereon, situated in the parish of Evangeline, and fully described in the petition, and that he would thereafter, at the request of plaintiff, transfer the same 'either to the plaintiff or any person designated by him, for the same consideration he had paid therefor.

It is alleged that in accordance with the said agreement, the defendant did, on or about December 17, 1936, purchase the said property from the Federal Land Bank of New Orleans for the price and sum of $1,400, on account of which the sum of $280 was paid in cash and the balance of the purchase price was represented by a promissory note payable in twenty installments of $56 each, over a period of twenty years, the said note being secured by a vendor's lien and special mortgage bearing on the property.

Plaintiff alleges that he actually paid the sum of $280 to the Federal Land Bank as the cash portion of the purchase price for the account of the defendant, all in accordance with the terms of the agreement between them, and that in further accordance therewith, the defendant, after the sale had been executed, took possession of the property, and farmed it during the year 1936, delivering to him one-third of the crops thereon raised. He then alleges that on November 20, 1936, again in accordance with their agreement, he requested the defendant to transfer the property to him for the consideration of $1,400, he to assume the mortgage indebtedness existing, but that defendant refused to do so and still persists in his refusal. He alleges further that he "desires to and is entitled to have himself recognized as the owner of the hereinabove described property, upon failure of the defendant herein to formally make title to him within a delay to be fixed by the Court, and upon petitioner assuming the aforesaid special mortgage indebtedness representing the unpaid purchase price of said property." The prayer of his petition is in accordance with these allegations.

As an alternative, plaintiff alleges and prays that in the event it be held that he is not entitled to specific performance of their agreement, that he recover judgment against the defendant in the sum of $280, with interest, that being the amount paid by him to the Federal Land Bank of New Orleans, for the account of the said defendant, as the cash payment on the purchase price of the property.

Defendant, although personally cited, made no appearance in the lower court, and in due time judgment was rendered against him on confirmation of default ordering

specific performance of the agreement set out in plaintiff's petition. From that judgment he has taken this devolutive appeal.

▮▮ In this court, defendant has filed an exception of no cause or right of action based on the failure of the plaintiff to have alleged in his petition, that the agreement he seeks specific performance of, being one relating to an immovable, was in writing, as it necessarily had to be in order to give him the right to enforce specific performance of same, and on his further failure to have alleged, if the agreement was verbal, that he (defendant) had confessed it upon being interrogated on oath.

In the latest decision we find on the subject, it seems that the appellate court, in disposing of an exception of no cause or right of action, must be governed by the allegations of the petition and cannot take into consideration the facts, as found by the inferior court, in passing on the merits of the case. We refer to the case of Roy v. Mutual Rice Company of Louisiana, 177 La. 883, 149 So. 508, 510. We quote the following from the decision: "We wish, at the outset, to make it very plain that, in considering the exception of no right or cause of action in this case, the allegations of well-pleaded facts *as set forth in plaintiff's petition* must be taken as true, for the purpose of disposing of this exception, and not the facts found by the Court of Appeal, First Circuit [143 So. 668], *in passing upon the merits of the case.*" Moreover, whilst it might be successfully urged that the facts shown on the trial of a case on the merits had the effect of curing the deficiencies of a petition which may not have disclosed a cause or shown a right of action, we find that such rule does not apply to cases in which judgment was rendered on facts introduced on confirmation of default. In an excellent treatise on the subject "Exception of No Cause of Action" by George Henry McMahon, Professor of Law, Loyola University (New Orleans) published in Tulane Law Review, volume IX, in discussing the point we here have under consideration, he says: "In addition to the curing of defects in the petition by the allegations of the answer, there is another method, much more common, by which the deficiencies of the petition are remedied. Thus, in view of the doctrine that evidence introduced without objection enlarges the allegations of the petition, the effect of the introduction of evidence *extra petitionem* without objection by the defendant may be the curing of all the defects in the petition. However, there is at least one well defined exception to the rule stated above: evidence introduced on the confirmation of a default never has the effect of enlarging the allegations of the petition; so that in the trial of an exception of no cause of action filed in the appellate court in such cases the only facts which can be considered are the allegations of the petition. * * *"

The author cites in support of his statement, the case of Smith v. Meyer et al., 142 So. 297, in which the Court of Appeal, Second Circuit, cited among others, as authority, the case of Craver v. Gillespie, 148 La. 182, 86 So. 730, on the proposition that evidence taken in proving up a default cannot have the effect of enlarging the pleadings in a case when the defendant is not present consenting thereto.

▮ We think that there is considerable merit in the exception filed in this case, inasmuch, as on its face, the petition shows that the contract sought to be enforced is one that relates to an immovable and yet fails to allege that it is in writing. Article 2462 of the Civil Code under which plaintiff's right of action, if he has any, arises, reads as follows: "A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, *and which, if it relates to immovables, is in* writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same." (Italics ours.)

To give a person the right to specific performance of a contract relating to an immovable, it is apparent, from these provisions, that an essential requirement is that the contract be in writing, and there is much that could be said in support of the argument that to avail himself of that right, the pleader should be made to state that the contract he relies on is in that form. However, it would appear from some decisions of our Supreme Court, that whether the agreement is in writing or not, is a matter which addresses itself to the merits of the case and not one which can form the basis of an exception of no cause of action. In the early case of Brown v. Caves, 19 La.Ann. 438, the court stated: "There is no provision of law that requires parties litigant to allege that their evidence is in writing before they adduce such evidence." In Ruddock Orleans Cypress Co. v. De Luppe, 119 La. 952, 44 So. 794, 795,

the plaintiff, a judgment creditor of one Charles De Luppe, was seeking to have the sale of a certain lot of ground situated in the city of New Orleans, by his widowed mother, to his daughter, Marie De Luppe, set aside, as a simulation, in order to have the same subjected to execution under its judgment. The petition was dismissed in the lower court on an exception of no cause of action and the judgment affirmed on appeal to the Court of Appeal. In reviewing the case, however, the Supreme Court reversed the judgment by overruling the exception, and the case was remanded to the district court. We quote the following as the basis of the court's decision: "In the case at bar it appears on the face of the petition that Marie De Luppe is a person interposed, holding the title to the property for the use and benefit of her father, who has been in possession as owner ever since the transfer to the daughter. The petition does not set forth the nature of the evidence on which plaintiff relies to establish the alleged simulation. There was no exception of vagueness or insufficiency filed, but defendants demurred, thereby admitting as true, for the purpose of the exception, all the facts alleged in the petition. Whether the plaintiff will be able on the trial of the cause on the merits to prove such facts by legal evidence is another question. Admitting, for the sake of argument, that parol testimony is inadmissible in such a case, and that plaintiff has no written evidence to prove his allegations, yet he has the privilege of probing the consciences of the defendants by proponding to them interrogatories on facts and articles. The allegations of a petition may disclose a perfect cause of action, while the plaintiff may not be able to adduce the legal evidence necessary to make out his case."

In the case before us the plaintiff has merely alleged in his petition that on a certain day he entered into an agreement with the defendant without stating whether that agreement was in writing or oral. Defendant then was entitled to oyer of the agreement. If in answer to a prayer for oyer plaintiff was unable to produce a written agreement, then the defendant would have been entitled to a dismissal of plaintiff's suit on an exception of no cause of action. Frederick v. Vautrain, 6 La.App. 565. Of course, it is now too late for the defendant to plead for oyer, and his exception has to be decided on the allegation as made in plaintiff's petition. In view

of the decisions from which we have quoted, we have to hold that the petition discloses a cause of action, and the issue raised by the exception is one that passes to the merits of the case. The exception of no cause or right of action is therefore overruled.

■ When we come to consider the case on the merits, we find that there was no note of testimony made and that the record is as barren of proof that the agreement sought to be enforced was in writing, as was the petition of any allegation to that effect. To sustain the judgment appealed from, plaintiff relies entirely on the presumption, in the absence of a note of evidence, that the trial court had before it proper and sufficient evidence on which to decide the case. Donaldson v. Sheridan, 11 La.App. 498, 124 So. 193, a decision of this court, is cited on this point.

There is no doubt but that in the absence of a note of evidence, the presumption which attached to the correctness of a judgment of the lower court and that it was based on competent and sufficient proof is a fair and reasonable one and should be given much weight on appeal. However, the fact remains that it is only a presumption after all, and when sought to be applied in a case like the present wherein the plaintiff's demand is one which of necessity, under the law, depends on written proof, there should be something more to support such presumption than the mere statement more or less pro forma, of the court in a judgment on confirmation of default that it was rendered "upon due proof in support" of the demand, or "the law and evidence being in favor thereof." In this case, the trial judge refers to the evidence in several instances, and to what was shown by it, but in no instance does he make any mention whatever of the agreement having been in writing. Certainly it can be assumed that no written agreement was offered in evidence, since none is found in the record either in the original or by copy, and the clerk's certificate is that the record filed herewith, "is the original record and includes all the pleadings, evidence and documents in said cause. * * *" Further, the certificate recites that "there is contained therein true copies of all minute entries in said record and a detailed list of all the pleadings, evidence and documents in the order of the filing thereof." All that the minute entries show is that on December

8, 1936, a default was taken and on December 12, 1936, it was confirmed and judgment rendered.

In a supplemental brief filed on his behalf, it is stated that whilst it is not alleged in the petition that the evidence plaintiff would introduce was in writing, nevertheless, "in truth and in fact plaintiff appellee did have such evidence and did introduce same on confirmation of the default, as fully appears by the judgment of the lower court on the confirmation of default." As already shown, however, there is nothing whatever in the record to indicate that written evidence of the agreement was introduced, and the judgment of the lower court makes no mention of such evidence. The further statement is made that should the judgment appealed from be reversed on this particular point, "plaintiff-appellee would suffer an irreparable injury, for the reason that the evidence adduced by him on the confirmation of default has disappeared from the record, and would not be available to him in a new suit, a situation virtually brought about by the gross laches and negligence of the defendant-appellant herein." The disappearance from the record of the written evidence introduced by him cannot, in our opinion, cause the defendant the injury he fears for the reason that if it did exist and was adduced in the trial on confirmation of default, he will, no doubt, upon laying the proper foundation, be permitted to offer proof of its existence and what it consisted of. We cannot at this moment conceive what the mere laches or negligence of the defendant could have had to do with the disappearance of the evidence from the record.

In the case of Donaldson v. Sheridan, supra, it is shown that plaintiff's petition contained the allegation that the agreement on which the suit was based, was "written," and therefore the statement by the lower court that judgment was rendered upon "due proof in support of plaintiff's demand" could well be taken to mean that proof had been made in support of the allegation as made that the agreement was in writing. That, in our opinion, creates an important distinction between that case and the one before us where there was no allegation made that the agreement was in writing, and the proof, as far as the record discloses, was only in support of plaintiff's demand, which we take to mean as that demand was made. An examination of all other authorities cited reveals that in none of them was the point here under consideration involved.

We think that the ends of justice will best be served in this case by remanding it to the district court for the purpose of having full proof made as to the nature of the agreement on which plaintiff's cause of action is based. If plaintiff has an agreement such as he alleges in his petition, in writing, he certainly should produce it, and if he had it and has lost it, he should be permitted, upon showing that it did exist, to make proof of its contents. On the other hand, if he cannot make proof that he ever had such an agreement in writing, it would certainly be unjust and unfair to this defendant to let the present judgment remain against him. Certain it is that an order remanding the case and restricting it to the purpose mentioned, can harm neither of the parties. Our authority to remand is to be found in the provisions of article 906 of the Code of Practice.

It is therefore, for the reasons stated, now ordered, adjudged, and decreed that this case be remanded to the district court for the purpose of having full proof adduced and made as to the nature and form of the agreement on which plaintiff's action herein is predicated and whether the same is in writing or not; that the defendant be notified in advance of the hearing on the remand and that the matter be tried contradictorily with him or through representation by his counsel. Plaintiff's right to present his alternative demand for judgment in the sum of $280 in the event it be held that he is not entitled to specific performance of the agreement sued on, is hereby reserved to him.

It is further ordered that the costs of this appeal be paid by the plaintiff appellee and all other costs to await the final determination of the suit.