J.L. Freeland and the plaintiff signed an agreement whereby plaintiff obligated itself to sell to Freeland reasonable quantities of its products, as by him ordered, at current wholesale prices and on such terms as to payment as should be fixed by plaintiff. Mrs. M.A. Blankenship and J.H. Thompson by written instrument bound themselves in solido as sureties for Freeland to pay the price of all products sold him by plaintiff. Business under the contract covered less than three months during which time sales to Freeland amounted to $455.49, whereas credits amounted to only $161.24. Plaintiff instituted this suit against Freeland on the account and against said sureties on the contract of suretyship for the difference between debits and credits or the sum of $294.25, with interest. Neither of the defendants made appearance nor filed answer. Judgment for the amount sued for against them in solido was rendered on default and signed June 30, 1943. The sureties, on July 9, 1943, by petition, procured order for suspensive appeal which was promptly perfected.
Appellants do not contend that the account sued upon is to any extent incorrect as to balance due; nor do they give the court to understand that they have any valid defense to urge against plaintiff's demand. They argue that the judgment should be reversed and the case remanded for new trial because, as by them averred, the itemized account sued upon and attached to plaintiff's petition, is not of such character and in such form as to meet legal requirements as evidence, and, therefore, the court did not have before it competent, legal evidence upon which to base the judgment rendered.
This issue comes too late to afford appellants any relief when first made here, even though it be conceded that it would have had merit if tendered in limine.
There is no note of evidence in the record and we assume none was made when the case was tried. Appellants did not procure from the trial judge a statement of facts prior to obtaining order of appeal. Therefore, the record is silent as to the specific evidence tendered the court in support of the demand. In a case of this character, under the record facts, a strong presumption arises that the court had before it competent, legal evidence adequate to serve as a basis for the judgment rendered. Stout v. Henderson 157 La. 169, 102 So. 193; Ansley v. Stuart 123 La. 330, 48 So. 953; Succession of Chas. M. Pilcher 39 La.Ann. 362, 1 So. 929; Donaldson v. Sheridan 11 La.App. 498, 124 So. 193.
The record contains nothing to detract from, much less overcome, this presumption. On the contrary, the minutes of the court covering the proceedings had when the judgment by default was confirmed, strongly support it. The entry reads: "Upon due proof being made in open court judgment was rendered in favor of the Plaintiff confirming default. Judgment read, signed and filed."
In the Ansley case, supra, it was held: "An appellant seeking to have a judgment of the lower court reviewed must meet and overcome a presumption that the conclusions of the trial judge are *Page 491 
correct and based on good and sufficient evidence."
In addition to the foregoing, the judgment recites: "* * * considering the law and evidence to be in favor of plaintiff and against the defendants, it is therefore, by reason thereof, * * * ordered, adjudged and decreed * * *."
The weight and effect of language of this kind in a judgment rendered on default is discussed in Martin et al. v. District Grand Lodge No. 21 of the Grand United Order of Odd Fellows, Inc., of Louisiana, reported in La.App., 146 So. 793, the syllabi of which, in part, reads: "Judgment stating `the law and evidence' was in favor of court's decree held equivalent to stating `proof of correctness of plaintiffs' demand had been adduced,' and was sufficient to confirm default (Code Prac. arts. 312, 315, 602, 603)."
For the reasons herein assigned, the judgment appealed from is affirmed with costs assessed against appellants.