228 So.2d 750 (1969)
Harold M. GULLING
v.
E. I. Du PONT de NEMOURS AND COMPANY, Inc.
No. 3655.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1969.
*751 Joseph J. Laura, Jr., Joseph N. Naccari, New Orleans, for plaintiff-appellant.
Milling, Saal, Saunders, Benson & Woodward, M. Truman Woodward Jr., and Herschel L. Haag, III, New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
On November 15, 1967, plaintiff filed suit against defendant employer for workmen's compensation benefits as the result of an accident which occurred on November 14, 1966. Defendant filed a plea of prescription under the provisions of LSA-R.S. 23:1209 alleging that plaintiff's suit, being filed more than one year after the occurrence of the accident came too late. The plea of prescription was heard by the trial court, testimony was taken thereunder, and judgment was granted maintaining the plea and dismissing plaintiff's suit. Plaintiff has appealed from this judgment.
The record is devoid of a transcript, and we are informed by counsel that inasmuch as a court reporter was not available on the day of the trial, the hearing proceeded without the taking of the testimony. We must presume, under the circumstances, and absent anything in the record to the contrary, that the hearing of defendant's plea sans the services of a court reporter or stenographer was by agreement of counsel.
Neither party required the clerk of court to cause the testimony to be taken down in writing as permitted by LSA-C.C.P. art. 2130; nor did the appellant secure a written narrative of the facts, either by joint agreement of the parties or else by the trial court if the parties could not agree. See LSA-C.C.P. art. 2131.
The trial judge incorporated in the judgment a synopsis of the testimony adduced and his appreciation of the facts and circumstances surrounding the accident and the subsequent events. Additionally the record contains copies of plaintiff's Time Sheets and the Foremen's Daily Time and Distribution Sheets.
We conclude in this appeal, that the synopsis and narrative facts of the trial judge contained in the judgment reveal substantially all material testimony regarding the issues presented herein, and that the record is sufficiently complete to permit full consideration of these issues. This grants us the authority to determine the validity of the lower court judgment notwithstanding the absence of the transcript of the testimony. See Succession of Seals, 243 La. 1056, 150 So.2d 13; Shroeder v. Schroeder, La.App., 184 So.2d 75. Such being the case, our duty is to apply the law, keeping in mind that a strong presumption arises that the trial court has received competent and adequate evidence such as would serve as a basis for the judgment rendered, and that the trial court judgment is correct. Succession of Seals, supra; Stout v. Henderson, 157 La. 169, 102 So. 193; W. T. Rawleigh Co. v. Freeland, La.App., 16 So.2d 489; Ansley v. Stuart, 123 La. 330, 48 So. 953; Gauthier v. Williams, La.App., 146 So.2d 65.
In this appeal, plaintiff-appellant contends in essence that the trial court erred in finding that the payments made to him after the accident were earned wages, and not wages in lieu of compensation, and that the wages so paid did not interrupt the running of prescription.
The factual situation as described in testimony adduced at the trial is best shown by the synopsis contained in the trial court's judgment, the material aspects of which are quoted as follows:
"Plaintiff testified that he suffered a broken foot and crushed toes on November 14, 1966; that he was taken to doctors by the company and later that afternoon his foot was put in a cast and he was furnished crutches; that Hickman, a company supervisor, picked him up at *752 home the following morning and drove him to work, then picked him up after work and drove him home; this arrangement continued evidently until plaintiff was able to report for work on his own.
"He further testified that he worked his regular hours every working day. But he contends he was placed in a room and given blue prints to read. He contends that while he as a millwright was expected to read blue prints the blue prints given him were boiler maker blue prints and that he couldn't read blue prints any way.
"He further contended that he was told to take it easy and it was his understanding he was being paid full wages to do nothing.
"Hickman, testified that they revised plaintiff's schedule and assigned him to Material Take Offs & Scheduling for millwrights and had him do this in the millwright building.
"He further testified that all the work assigned plaintiff was millwright work.
"Petit, a time keeper, identified all time sheets for plaintiff subsequent to accident and the assignments for the hours listed.
"The evidence revealed that DuPont, at the time, was conducting a `no lost time accident campaign', and, this Court from years in the industry knows that companies will go to great extents to protect their campaign records. However, this record indicates that plaintiff was assigned millwright duties and paid millwright wages. This Court cannot view the wages as a gratuity, nor as compensation in a disguise form. In Thornton v. [E. I.] DuPont [de Nemours & Co.], 207 La. 239, 21 So.2d 46, the Supreme Court said: `An employer could not defeat a just claim of an injured employee for workmen's compensation by keeping his name on the payroll at regular wages for a period exceeding a year, because the employee could interrupt the running of prescription by bringing suit on his claim for workmen's compensation at any time. * * * There is no reason why the payment of wages should prevent the running of prescription against a claim for workmen's compensation, because according to the wording of Subsection 1(B) [now LSA-R.S. 23:1314] of Section 18 of the statute, the payment of wages after the accident has happened does not prevent the injured employee from bringing his suit to have the Court fix the amount of the compensation that is due him, and to put a maximum limit upon the number of weeks during which it shall be paid. In the words of that subsection it is only the payment of workmen's compensation that suspends the right of an injured employee to bring suit to fix the amount of compensation to which he is entitled and to limit the number of weeks in which it is to be paid.'
"This is particularly true in this case. Plaintiff left the employment of DuPont on his own accord on April 11, 1967, to take a job with Bristol that was closer to home. There is no evidence that DuPont continued paying him wages, nor did it pay him compensation after that date. So plaintiff must have known for seven months that he should call upon the Court to fix and determine any compensation he might be entitled to."
The trial judge heard the witnesses and concluded that after the accident the plaintiff was assigned millwright duties and paid millwright wages, and that these wages were earned, and were neither gratuitous nor compensation in disguise. In view of the lack of a transcript, we cannot go beyond the trial judge's synopsis and findings of fact in order to seek results different from those reached by him and of course the trial judge having observed the witnesses and their demeanor, his evaluation of their credibility and the weight to which their testimony is entitled may *753 not be disturbed by this court in the absence of manifest error on his part. Ballaron v. Roth, La.App., 221 So.2d 297.
LSA-R.S. 23:1209 provides in relevant part that an injured employee's claim for workmen's compensation benefits prescribes one year from the date of the accident, the date on which the injury becomes evident, or the date of the last compensation payment.
The prescriptive period may be interrupted, but the burden of showing such interruption falls on the plaintiff employee. Tierce v. United Gas Public Service Co., La.App., 164 So. 446; Dodd v. Lakeview Motors, La.App., 149 So. 278; Mella v. Continental Emsco, La.App., 189 So.2d 716, (writs ref. 249 La. 762, 191 So.2d 141).
Plaintiff has sought to overcome this burden by testimony to the effect that following the accident he was paid full wages for doing a job that he was not qualified to do, i. e., reading blueprints. Thus, he argued, his wages constituted a substitute for compensation benefits. The trial court was of the opinion that plaintiff failed in his attempt to overcome the burden placed upon him. In reading the trial court's synopsis and reviewing the documents contained in the record we cannot say that the conclusions of the trial judge are erroneous.
The question of whether wages paid subsequent to injury are earned or paid gratuitously in lieu of compensation has been considered by our appellate courts on many occasions, and the Louisiana Supreme Court in Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377, described the basic test as follows:
"* * * The basic test for determining whether they are made in lieu of compensation is whether the wages paid after the injury are actually earned. This, of course, is determined by the facts and circumstances of a particular case. The fact that the services performed after the injury are similar, or dissimilar, to the services performed before may be relevant to the question of whether the wages are actually earned, but it is not decisive of it."
The rationale of this test is further set forth in 2 Larson Workmen's Compensation Law, § 57.42, page 19:
"* * * if the man is given a dollar's worth of labor for every dollar he is paid, the intention of the employer cannot be said to be that of supplying a substitute for workmen's compensation; it is simply to purchase these services from this man on the same terms as from any other man."
In Cradeur v. Louisiana Highway Commission, 52 So.2d 601, the Louisiana First Circuit Court of Appeal affirmed defendant's exception of prescription and said in part as follows:
"Since then [Carpenter v. E. I. DuPont de Nemours & Co., La.App., 194 So. 99] our jurisprudence on prescription has generally been to the effect that if an injured employee continues to work for the same employer, whether he does light duty or other wise, if his pay is commensurate with his services the payment of wages does not interrupt the running of prescription. (citing authorities)."
It is well established that it is only the payment of compensation, not wages, that will interrupt prescription. See Thornton v. E. I. DuPont de Nemours & Co., 207 La. 239, 21 So.2d 46.
In Walters v. General Accident & Fire Assur. Corp., Ltd., La.App., 119 So.2d 550, rehearing denied, the court reviewed the jurisprudence in this whole area and again *754 set forth the basic guidelines with respect to wages paid subsequent to injury:
"* * * if wages paid a disabled employee subsequent to injury are earned by the employee in the performance of work of a character different from that in which the employee was engaged at the time of injury, such wages are considered earned in a different occupation consequently there is no implied agreement they are paid in lieu of compensation and the employer may not receive credit therefor against compensation payable."
In the recent case of Daigle v. Liberty Mutual Insurance Company, La.App., 205 So.2d 507 (writ ref. 251 La. 1038, 208 So. 2d 320) the plaintiff contended prescription was interrupted by the payment of wages in lieu of compensation. There, the plaintiff, a dragline operator, was paid the same wages he received before his injury but was not required to do certain rigging work which he had done before his injury. The court concluded his wages were earned and affirmed the defendant's exception of prescription. In its opinion, the court said:
"* * * the mere fact that the duties were similar or dissimilar, heavier or lighter, or more or less skilled, is relevant but not determinative. Plaintiff must show that he was not earning his wages after the accident."
Not having a transcript of the testimony before us we must limit ourselves to the facts as found by the trial judge. Clearly when the above cited jurisprudence is applied to his factual conclusions there is no manifest error in his judgment, and the same must be and is hereby affirmed. Costs of this appeal to be assessed against appellant.
Affirmed.