135 So.2d 489 (1961)
Van B. COLTON, Plaintiff-Appellant,
v.
HARTFORD FIRE INSURANCE COMPANY, Hartford Accident & Indemnity Company, Defendant-Appellant.
No. 9579.
Court of Appeal of Louisiana, Second Circuit.
November 22, 1961.
Rehearing Denied December 27, 1961.
John Makar, Natchitoches, for plaintiff-appellant.
Stafford & Pitts, Alexandria, for defendant-appellant.
Before HARDY, AYRES, and BOLIN, JJ.
HARDY, Judge.
This is an action by plaintiff claiming property and personal injury damages resulting from an automobile collision with a car driven by Mrs. Crystal Armstrong, owned by her husband, C. H. Armstrong, and insured by defendant. Judgment was rendered in favor of plaintiff and against the defendant in the sum of $3,510.00. Plaintiff filed a motion for a new trial, which was limited to the failure of the district judge to *490 allow damages for the total loss of his automobile. For the reasons detailed in a written opinion, the motion was denied. Both plaintiff and defendant have appealed from the judgment rendered.
This is a related case to that of Armstrong, et ux. v. Colton et al., No. 9578 on the docket of this court, in which the opinion of this court has this day affirmed the judgment rejecting plaintiffs' demands. 135 So. 2d 487.
As we noted in our opinion in the Armstrong case, by coincidence the Hartford Accident & Indemnity Company was the automobile liability insurer of both Armstrong and Colton. In the Armstrong case the defendant, Hartford, joining its insured, Colton, in answer to the plaintiff's demands, not only denied negligence on the part of Colton, but, in detail, alleged various and sundry acts of negligence on the part of plaintiff, Mrs. Armstrong, as constituting the sole and proximate cause of the collision. These averments were supported by testimony introduced on behalf of the defendants, Colton and Hartford, and elaborated upon in briefs of counsel for the said parties.
In the instant case, in which Colton seeks damages from the defendant, Hartford, as liability insurer of the Armstrong car, the defendant, represented by different counsel, has filed an answer in which it charges Colton with specific acts of negligence constituting the sole and proximate causes of the collision. We dismiss this defense by Hartford on the ground that even the consideration thereof would constitute a travesty of justice. To permit a party litigant to set forth solemn judicial allegations in one suit, support the same by appropriate evidence, and obtain judgment therein, and then to permit the same party, through irreconcilably opposed allegations asserted in another suit, but on the basis of the same evidence, to be awarded judgment in its favor, would be inconceivable.
Plaintiff's appeal in the instant case relates solely to the quantum of damages and is primarily concerned with the refusal of the district court to allow its claim for property damage in the amount of $1,600.00 by reason of the complete destruction of plaintiff's automobile. Examination of the court's opinions on original hearing and on plaintiff's application for a new trial, discloses that, while plaintiff's claim for the $50.00 deductible amount was allowed, the claim for an additional $1,550.00 was denied, first, apparently under the impression that this amount had been paid by the defendant, and, second, on the basis that, in any event, the plaintiff did not prove that anyone other that Hartford had made the payment for the value of the automobile; that the allowance of recovery in favor of plaintiff for any amount beyond the $50.00 sum would be for the benefit of an unknown insurance company, and, finally, that plaintiff is not shown to have suffered any loss by reason of the failure of the judgment to include this amount.
It is noted that counsel for defendant, in brief, makes the statement that plaintiff, Colton, was paid $1,550.00 by his insurer, Hartford Accident & Indemnity Company, the defendant in these proceedings. We are convinced that this declaration by counsel is inadvertently erroneous. The only evidence in the record on this point is the testimony of plaintiff that he had settled his claim for damages to his car and was paid the sum of $1,600.00, less the $50.00 deductible amount. Counsel for defendant at the time objected to any testimony of loss beyond the sum of $1,600.00, inasmuch as that was the amount of this item of damages claimed by plaintiff in his pleadings, which fact was admitted by counsel for plaintiff. Apparently there followed an off-the-record discussion which culminated in a refusal by the court to consider this item of plaintiff's claim, in view of the objection by defense counsel that plaintiff had no right to prove such loss since the insurer was not joined in his petition.
We think the above ruling was clearly in error. Under the authority of Ayres v. Wyatt, La.App., 185 So. 84; Clemens v. *491 Southern Advance Bag & Paper Co., La. App., 22 So.2d 68, and Wood v. Becker Welding Shop, et al., La.App., 34 So.2d 924, it is established that the liability of a tort feasor is not affected by a transaction of settlement between an insured and his insurer with reference to property damages, and the insured retains the right to sue for the full amount thereof.
It follows that, in this respect, the judgment should be amended by increasing the amount thereof by the sum of $1,550.00.
It is further urged by counsel for plaintiff-appellant that the quantum of damages allowed plaintiff should be increased.
Examination discloses that plaintiff suffered a broken left arm, a cut lip, several broken ribs, the loss of three teeth and attendant bruises, abrasions and shock. Plaintiff claimed, in addition to medical expenses and loss of wages, a total of $6,500.00 for pain and suffering, past and future. The judgment of the district court allowed the medical expenses, the claim for loss of wages based on eleven weeks at $116.00 per week, and the additional sum of $2,000.00 for pain and suffering.
Counsel for defendant urges that the record does not contain adequate proof of plaintiff's claims for loss of wages, the only evidence with respect thereto being the "self-serving declaration" of Mr. Colton that he earned $2.90 per hour and that he was disabled from resuming his employment for a period of eleven weeks. While it is true that the only evidence on this point is found in the testimony of plaintiff, no effort was made on behalf of defendant to controvert this testimony. Plaintiff gave the name and address of his employer, testified that he had worked for him over a period of some six or seven years, that he was paid at the rate of $2.90 per hour for a forty hour week, and that he was unable to earn any pay during the period of eleven weeks. It must be assumed that defendant could and would have offered evidence contradicting these representations made in plaintiff's testimony if they were incorrect.
Upon the basis of our examination of the record we cannot find that the award for pain and suffering was either inadequate or excessive.
For the reasons assigned the judgment appealed from is amended by increasing the principal amount thereof to the sum of $5,060.00, and, as amended, the same is affirmed at the cost of defendant-appellant.