HARDY, Judge.
This is a suit by husband and wife seeking damages for property and personal injuries resulting from an automobile collision. Plaintiff husband prayed for property damage to his automobile and medical expenses incurred by reason of the injuries to his wife, in the total sum of $3,762.00, while the plaintiff wife claimed total damages of $47,500.00 resulting from personal injuries. Named as defendants are Van B. Colton and his automobile liability insurer, Hartford Accident & Indemnity Company. From judgment in favor of defendants rejecting plaintiffs’ demands, the latter prosecute this appeal.
Shortly after the filing of this action, another suit was instituted by Van B. Col-ton against the Hartford Accident & Indemnity Company, which, coincidentally, was the automobile liability insurer for both Armstrong and Colton. The suits were consolidated for trial, and, in addition to the judgment rejecting the demands of the Armstrong plaintiffs, judgment was rendered in favor of plaintiff, Colton, in the companion suit.
The accident which is the basis for this action occurred about mid-morning on September 6, 1958, on Highway 171 near the town of Benson, Louisiana. Plaintiffs’ petition alleges that Mrs. Armstrong, driving a 1950 Ford automobile, owned by the community, north in the east lane of said highway, was struck by the Chevrolet automobile driven by defendant, Colton, which carelessly and negligently turned across the center line of the highway, encroaching upon the east lane. The answer of defendants, after denying the allegations of plaintiffs’ petition, contradictorily alleged that *488 defendant, Colton, was operating his automobile south on the highway at a reasonable and careful manner and was confronted with a sudden emergency when Mrs. Armstrong suddenly, and without warning, turned to her left across the highway and into the lane of travel of the Col-ton vehicle; that, despite the application of his brakes, Colton was unable to avoid the collision. Alternatively, defendants allege contributory negligence on the part of plaintiff, Mrs. Armstrong.
As stated by the learned judge of the district court in his detailed written opinion, this case exclusively involves questions of fact. The opinion referred to carefully relates the finding of facts by the trial judge, namely, that Mrs. Armstrong, driving at a slow rate of speed at the time of the accident, was talking to her friend, a Mrs. Porter, on the opposite side of the highway, and, while engaged in this conversation, had either attempted to make a left turn to the opposite side of the highway, or had inadvertently crossed the center line into the west lane, and did not see the approach of the Colton car until the moment of the collision. It is clear from the opinion that the district judge accorded little credibility to the testimony of the plaintiff, Mrs. Armstrong, finding that her testimony was extremely evasive and contradictory. Similarly, the judge found that the two witnesses tendered by plaintiffs for the • purpose of supporting Mrs. Armstrong’s version of the accident were impeached as to pertinent matters of evidence by witnesses for defendants to whose testimony the judge accorded complete belief. The controlling physical circumstance in connection with a resolution of the factual question in this case related to the point of impact, that is, as to the lane of the highway in which the collision occurred. The district judge found that the automobile of defendant, Colton, was in its proper lane of travel and, therefore, the impact could not have occurred either partially off of the east side of the paved portion of the highway as alleged in plaintiffs’ pleadings, or at some other point in Mrs. Armstrong’s lane of travel which she attempted to establish by what the district judge repeatedly denominated as exceedingly evasive testimony.
Our examination of the facts completely accords with those related by the trial judge, and we find no need, in view of our complete concurrence in his observation as to the nature of the testimony on behalf of plaintiff, in analyzing the evidence, in any detail. It suffices to say that we find no error, manifest or otherwise, in the judgment appealed from.
Following judgment, counsel for plaintiffs filed an application for a new trial predicated only upon the ground that the judgment rendered was contrary to the law and the evidence. Some two weeks later counsel filed what was designated as a supplemental and amended application for a new trial, in which it was alleged that several additional witnesses would testify that the actual impact occurred in the east traffic lane of the highway. Attached to this supplemental application were affidavits of the witnesses in question.
The application for a new trial was disallowed, and the district judge refused to consider the grounds set forth in the supplemental and amended motion. Some technical issues have been presented with reference to the time of filing of the motions for a new trial, which we do not deem it necessary to consider under the procedure taken in this case.
The grounds upon which an application for a new trial may be based are defined by our new Code of Civil Procedure as either peremptory or discretionary and are respectively set forth in Articles 1972 and 1973, LSA. There is nothing in either the original or amended motion which indicates a right to the allowance of a new trial under the provisions of either of the articles above enumerated. The peremptory basis for the mandatory allowance of a new trial must be established *489 either by a judgment clearly contrary to the law and the evidence, or the discovery since the trial of evidence which, with due diligence, could not have been obtained before or during the original trial. Neither of these factors exists in the instant case. Nor is there any showing of grounds for a new trial indicating that the district judge has abused his discretion in refusing the same under the provisions of Article 1973, LSA. For these reasons we find no error in the action of the district court in denying the said motions.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.