REID, Judge.
On August 30th, 1965, an intersectional automobile accident occurred between an automobile operated by the defendant, Lynn Brekeen, an employee of Swenson-Clyburn Contract Supply, Inc., and an automobile owned by Mr. William Elliott and driven by Mr. Elwood Smith, in which his wife, Mrs. Billie E. Wood Smith was a guest passenger. The accident took place in Baton Rouge, Louisiana, at the intersection of Sherwood Forest Boulevard and Good-wood Avenue, when the automobile driven by Mr. Smith and traveling in a Northerly direction on Sherwood Forest Boulevard collided with the station wagon driven by Lynn Brekeen, who was traveling East across the North bound traffic lanes of Sherwood Forest Boulevard.
Suit was filed on behalf of Mr. Elwood Smith in the Nineteenth Judicial District Court, Parish of East Baton Rouge, on May 2nd, 1966, against the defendant, Lynn Brekeen, his employer Swenson-Clyburn Contract Supply, Inc., and their insurer, The Travelers Insurance Company. A similar suit was filed on behalf of Mrs. Smith on May 3rd, 1966, the sole exception being that Mrs. Smith’s petition also names as defendant, The Hardware Mutual Casualty Company the insurer of Mr. William Elliott, the owner of the automobile being driven by Mr. Smith.
The cases were consolidated and tried on the merits on October 17th, 1967. After the trial on the merits, the trial judge gave oral reasons for judgment finding in favor of the plaintiffs in both cases, and against Lynn Brekeen, his employer Swenson-Clyburn Contract Supply, Inc., and its insurer, The Travelers Insurance Company. Judgment was signed accordingly on October 18th, 1967.
The defendants filed motions for new trial on November 13th, 1967, but these motions were denied. Appeals were taken on November 28th, 1967, from the final judgment rendered in these cases assigning as error:
1. The trial court erred in failing to hold that the negligence of Elwood Smith was the sole proximate cause of the accident sued upon.
2. The trial court erred in failing to hold that Elwood Smith was guilty of negligence which was a proximate cause of the accident.
3. The trial court erred in concluding that the speed of the Smith vehicle was not the proximate cause of the accident.
4. The trial court erred in its application of stopping charts.
5. The trial court erred in making any award of loss of earnings of Mrs. Smith.
6. The trial court erred in making an excessive award to Mrs. Smith for bodily injuries.
7. The trial court erred in concluding that the accident sued upon occurred while Brekeen was making a left turn.
8. The trial court erred in failing to give any weight to the admission of Mr. Smith that he was exceeding the speed limit at the place where the accident occurred.
9. The trial court erred in making an excessive award to Mr. Smith for the insignificant bodily injuries he allegedly received.
As to the question of liability, the sole question before this court is whether the trial judge committed manifest error in assessing liability to the defendant, Lynn Brekeen, and in failing to hold that the proximate cause of the accident was the negligence of Mr. Smith.
The record reflects that the defendant, Lynn Brekeen, was traveling in an Easterly direction on Goodwood Avenue and was in the process of making a lefthand turn onto Sherwood Forest Boulevard. The plaintiff, Elwood Smith, was traveling in a northerly *92 direction on Sherwood Forest Boulevard and collided with the automobile driven by Mr. Brekeen, as it negotiated its left hand turn. There is some contradiction in the testimony of both the plaintiffs with Mr. Smith admitting to have stated to the investigating officer that he was driving thirty-five to forty miles per hour at the time of the accident. However, he and his wife both made statements to the effect that they were traveling at a normal rate of speed. The counsel for the defendant, Lynn Brekeen and its insurer, The Travelers Insurance Company have attempted to give weight to the fact that skid marks of seventy (70') feet in length were left by the plaintiff’s automobile.
The speed of Mr. Smith’s automobile notwithstanding, the trial judge held that the sole and proximate cause of the accident was the negligence of Mr. Brekeen, in executing a left turn in front of the plaintiff, Mr. Smith. It is, of course, well settled that a motorist attempting to make a lefthand turn must yield to both oncoming and overtaking traffic and must not attempt such a hazardous maneuver unless it is certain that it can be done safely and without causing undue inconvenience to the more favored drivers. (Washington Fire & Marine Insurance Company v. Firemen’s Insurance Company, 232 La. 379, 94 So.2d 295, Griffin v. Whiteman, La.App., 169 So.2d 639).
We hold that the trial judge was not in error in holding that the sole and proximate cause of the accident resulted from a left turn notwithstanding the speed of the oncoming motorist, and it was negligence on the part of the left turn driver in making said turn without ascertaining it was reasonably safe to do so. The trial judge found that the oncoming motorist would not have been able to avoid the accident regardless of his speed and with this finding, we concur. There is nothing in the record upon which anyone can make a sound determination as to the speed of Mr. Smith’s vehicle, but the trial judge was of the opinion that the speed was not sufficiently excessive to be the proximate cause of the accident. (Williams v. Callais, La.App., 204 So.2d 112)
Counsel for defendant’s appellant attempt to rely on certain stopping charts in order to show that Mr. Smith’s vehicle was traveling at an excessive rate of speed. However, in the case of Picard v. Joffrion, La.App., 202 So.2d 372, this court properly held that such charts cannot be considered unless they have been properly admitted into evidence. Therefore, there appears to be nothing in the record to substantiate any finding of manifest error on the part of the trial judge, and this court is not at liberty to avail itself of extrajudicial statements appearing in the form of stopping charts to arrive at such a finding.
As to the question of quantum, the counsel for the defendant’s appellant maintains that the awards to Mrs. Smith for loss of earnings is insupportable. The trial judge awarded to Mrs. Smith Four Hundred ($400.00) Dollars, which represents the base pay that Mrs. Smith received in her employment as a real estate saleslady. The trial judge found that Mrs. Smith was unable to work for a “couple of months”, and the defendant’s appellant counsel cites the case of Rhymes v. Guidry, La.App., 84 So.2d 634, to the effect that a simple estimate of damages cannot be used to case a defendant in judgment, where there is no effort to produce any corroborating testimony. Mrs. Smith testified that she was employed by Ernest Harvey, Harvey Company, a real estate company. She further testified that Mr. Harvey is now employed by C. J. Brown Real Estate in Baton Rouge. She was asked if the company kept books and she answered “yes” and further testified that there were records kept of her earnings. She also testified that she had filed an income tax return in respect to her employment. She did not have any documentary evidence of her earnings as her house was more or less destroyed by the hurricane, but that she was sure she could get copies of her income tax return from the state and *93 federal governments. She did not have them available on the day of the trial.
They further questioned her as to whether she had attempted to get Mr. Harvey to give her the records to substantiate her loss of earnings and she stated that she did not get any records. She further testified, on cross-examination, that she did not want Mr. Harvey subpoenaed in this case.
Counsel for Mrs. Smith relies on the case of Colton v. Hartford Fire Insurance Company, La.App., 135 So.2d 489. This case did hold that self-serving declarations dealing with the plaintiff’s loss of wages could be accepted as true by the trial court in the absence of any offering of evidence to contradict the statement.
As much as we hate to disagree with our learned brothers of the Second Circuit, we feel that the uncorroborated testimony of Mrs. Smith, where the testimony could have been corroborated by evidence that she could have produced, but failed and refused to do so, is not sufficient proof of her claim for wages. Had Mrs. Smith been self-employed and was not in a position to use any evidence to corroborate her claim, she might have been allowed to recover, but her failure to produce the corroborative evidence, when she could have very easily done it, bars her recovery of this amount.
For the foregoing reasons, it is ordered, adjudged and decreed that the judgment in the suit of Elwood Smith v. Lynn Brekeen, et al, No. 7461, is hereby reversed insofar as the award of $400.00 for loss of earnings of Mrs. Billie Smith is concerned and in all other respects, the judgment of the trial court is affirmed at appellant’s cost.
It is further ordered, adjudged and decreed that the judgment of the lower court in the case of Mrs. Billie E. Wood Smith v. Lynn Brekeen, et al, Appeal No. 7460, is hereby affirmed at appellant’s cost.
Reversed in part and affirmed in part.