YARRUT, Judge.
This case is consolidated with Case No. 3319. In the instant case, the Plaintiff was a guest passenger in the automobile operated by Rivers Frederick, II. The circumstances of the accident are fully described in Case No. 3319.
Plaintiff sued Mr. Frederick; Insurance Company of North America, the insurer of the vehicle he was driving; Riley L. Smith, the driver of the taxicab which Mr. Frederick struck; Braden Taylor, the owner of the taxicab; and St. Louis Fire and Marine Insurance Company, the insurer of the taxicab.
The Trial Judge awarded Plaintiff a judgment against Mr. Frederick and Insurance Company of North America for $5,226.50, itemized as follows:
Medical expenses $ 362.50
Loss of wages 864.00
Pain and suffering 4,000.00
Total $5,226.50
The Trial Judge dismissed Plaintiff’s suit against Mr. Taylor, Mr. Smith and St. Louis Fire and Marine Insurance Company. From this judgment Mr. Frederick and Insurance Company of North America have appealed. Plaintiff also has taken an appeal asking for an increase in quantum and, further, that Mr. Taylor, Mr. Smith and St. Louis Fire and Marine Insurance Company be held in solido with the other Defendants.
For the reasons given in Case No. 3319, we hold that the sole cause of the accident was the negligence of Mr. Frederick ; and that he and his insurer are liable to the Plaintiff; and that Mr. Taylor, Mr. Smith and St. Louis Fire and Marine Insurance Company were properly dismissed.
Therefore, the only issue before us is that of quantum. In this regard Defendants claim: (1) That the award for loss of wages should be disallowed or should be reduced; and (2) that the $4,000.00 award for pain and suffering should be reduced.
Plaintiff, on the other hand, contends that the awards for medical expenses, loss of wages and pain and suffering should be increased.
First, we will consider the award for pain and suffering. Immediately after the accident Plaintiff was treated by Dr. Henry E. Braden, III, who was stipulated to be an expert in the field of general medical practice. Dr. Braden diagnosed Plaintiff’s injuries as follows: Sprain of the cervical spine, concussion of the skull, and contusions of the abdomen. When Dr. Braden learned from Plaintiff that she planned to move to Los Angeles, California, he referred her to Dr. A. C. Johnson, Jr., of that city, who discharged Plaintiff approximately 16 weeks after the accident.
In his report he stated the following:
“The patient responded to physiotherapy and analgesics. She was- discharged on February 28, 1966, with no residual disabilities.”
However, Dr. Braden examined Plaintiff immediately before the time of trial, approximately two and one-half years after the accident, and found that she was still suffering from neck pain.
We find that the award of $4,000.00 for pain and suffering was not manifestly erroneous. In Prewitt v. St. Paul Fire & Marine Insurance Corp., La.App., 126 So.2d 389, and in Neely v. City of Shreveport, La.App., 155 So.2d 437, writ refused 244 La. 1023, 156 So.2d 227, both plaintiffs suffered a. cerebral concussion and a whiplash injury similar to that of Plaintiff in the instant case. In the Prewitt case the award was $2,500.00, and in the Neely case *311 the award was $2,000.00 for pain and suffering.
In the instant case Plaintiff also suffered contusions of the abdomen and continued to have residuals some two and one-half years after the accident. Therefore, we find the award neither inadequate nor excessive.
Next, we will consider the award for loss of wages. Plaintiff testified she was employed at the time of the accident by Louisiana Garment Manufacturing Co. in New Orleans, at $54.00 a week; that, after three weeks she left the City for Los An-geles, California, for personal reasons; that she could have found employment in California but was unable to work because of her injuries, and finally returned to work approximately sixteen weeks after the accident. She further testified that she lost time from her work intermittently after the sixteen-week period because of recurrence of her symptoms.
Defendants claim that, because the only proof of loss of earnings was her own testimony, the award should be disallowed entirely. However, it has been held that Plaintiff’s own testimony of earnings is sufficient to sustain a claim for loss of wages. Colton v. Hartford Fire Insurance Company, La.App., 135 So.2d 489; Clouatre v. Toye Brothers Yellow Cab Company, La.App., 193 So.2d 344.
We find, however, that plaintiff’s testimony concerning her loss of wages after she moved to California is speculative. Therefore, we reduce the award for loss of wages from $864.00 to $162.00, the latter figure representing the amount of loss of wages for the three-week period Plaintiff remained in New Orleans. Likewise, we find that Plaintiff’s claim for loss of wages after the sixteen-week period she was under treatment to be based on vague and speculative evidence, and accordingly will disallow the claim.
Plaintiff’s claim for additional medical expenses is based iipon her testimony that she saw Dr. Johnson approximately 13 times after February 28, 1966, and her award for medical expenses should be increased by the total charges for these additional 13 visits. However, her own exhibit, Dr. Johnson’s report, dated May 31, 1966, states that she was discharged on February 28, 1966 with no residuals. Therefore, we will not allow any additional medical expenses.
For the above reasons, the award to Plaintiff is reduced from $5,226.50 to $4,-524.50; otherwise the judgment is affirmed; Defendants to pay all costs in both courts.
Judgment amended and, as amended, affirmed.