CULPEPPER, Judge.
Plaintiff, Robert Soileau, holder and owner of two promissory notes, filed this suit for the balances due. Defendants are Nelson Vidrine and Dr. B. J. Fusilier, comakers on both notes. The defendant, Nelson Vidrine, was discharged in bankruptcy and is no longer before the court. Judgment was rendered dismissing plaintiff’s demands as against the defendant, Dr. B. J. Fusilier. From this judgment, plaintiff appealed.
The substantial issue is whether the trial judge abused his discretion in granting a new trial to Dr. Fusilier after a default judgment was rendered against him.
The record shows that on March 3, 1969, plaintiff filed this suit for the amounts due on the two notes. The first note, dated *93 December 22, 1965, is in the principal amount of $432 and the second one, dated April 29, 1966, is in the principal amount of $1620. Nelson Vidrine and Dr. B. J. Fusilier signed both notes as co-makers. However, the face of the note dated April 29, 1966, in the sum of $1620, shows that the signature of Dr. B. J. Fusilier is scratched out.
Domiciliary service was made on Dr. Fusilier on March 5, 1969, a preliminary default was entered on March 24, 1969, and default judgment against both defendants was entered as to both notes on March 27, 1969.
On March 28, 1969, Dr. B. J. Fusilier filed a timely motion for a new trial, only as to the note dated March 29, 1966 in the principal sum of $1620. The motion states the note shows on its face that his signature is stricken out. Hence, he has a valid defense to this note and the interests of justice require that a new trial be granted in order to present this defense. The motion for a new trial was granted and, after a hearing on the merits, judgment was rendered on February 2, 1970 dismissing plaintiff’s suit as against the defendant, Dr. B. J. Fusilier.
The judgment on the merits is clearly correct. Mr. Vidrine testified his name was stricken from the larger note prior to its delivery by Nelson Vidrine to the plaintiff, Robert Soileau, and that the plaintiff accepted the note knowing that the name of Dr. Fusilier had been removed. Plaintiff made no attempt to rebut this evidence and actually does not argue the merits on appeal. Dr. Fusilier made no defense as to the smaller note and it has been paid.
The only issue is whether the trial judge abused his discretion in granting a new trial. Applicable here is LSA-C.C.P. Article 1973 which provides: “A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” In Renz v. Texas & Pacific Railway Company, La.App., 138 So.2d 114 (3rd Cir. 1962, writ of certiorari denied) we construed this codal article as follows:
“The trial court has virtually unlimited discretion to order a new trial, even on its own motion, when it is convinced that a miscarriage of justice has resulted. See LSA-C.C.P. Arts. 1971,1973.”
Other cases recognizing the almost unlimited discretion of the trial judge to grant a rehearing under Article 1973 to prevent a miscarriage of justice are Strobel v. Schlegel, La.App., 145 So.2d 664 (4th Cir. 1962); Sears-Roebuck & Company v. Cannizzarro, La.App., 142 So.2d 566 (4th Cir. 1962); and Armstrong v. Colton, La.App., 135 So.2d 487 (2d Cir. 1961). Under this well established jurisprudence it is clear the district judge acted within his discretion in granting a new trial in the present case. Dr. Fusilier had a good defense and if a new trial had not been granted a great injustice would have resulted.
Plaintiff argues the trial court does not have the discretion to grant a new trial, even in situations where the defendant has a meritorious defense, unless the defendant “shows a good excuse for his failure to appear and defend the suit.” The cases relied on by plaintiff to support this contention are distinguished. Pryor v. Gions, La.App., 188 So.2d 739 (1st Cir. 1966) did not involve a motion for a new trial. It was an action to annul a prior default judgment. In De Frances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951) the trial court denied an application for a new trial. Our Supreme Court said “his action in granting or refusing the new trial will not be disturbed by this court on appeal unless it clearly appears that he has abused his discretion.” Stout v. Henderson, 157 La. 169, 102 So. 193 (1924) is also a case where the trial judge denied an application for a new trial and his exercise of discretion was not disturbed on appeal. Raphiel v. La. Railway and Navigation Company, 155 La. 590, 99 So. 459 (1924) did not involve a timely motion for a new trial.
*94 For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.