361 So.2d 40 (1978)
William DRUILHET et ux.,
v.
TRINITY UNIVERSAL INSURANCE COMPANY et al.
No. 6560.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1978.
Rehearing Denied August 15, 1978.
Writ Refused October 10, 1978.
A. J. Fazzio and Raleigh Newman, Lake Charles, for plaintiffs-appellants.
Plauche, Smith, Hebert & Nieset by Andrew L. Plauche, Jr., Lake Charles, Woodley & Fenet, Robert W. Fenet, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
WATSON, Judge.
Plaintiffs, William and Mary Ellen Druilhet, have appealed from a trial court judgment which awarded Ms. Druilhet $1,000 for personal injuries but denied recovery of $929 for chiropractic treatment by Neil S. Rogers, D.C. Ms. Druilhet's insurer, Travelers Insurance Company, paid other medical expenses of $668.75, including $392 to Dr. Rogers, and was given judgment for that amount in its consolidated subrogation suit, docket # 6561, against the same defendants. It had been stipulated that, if plaintiffs were entitled to recover, Travelers should receive that amount.
*41 The issues presented by the appeal are whether the trial court's award of $1,000 in general damages and its failure to make an award for the additional chiropractic treatment constitute an abuse of discretion.
Mary Ellen Druilhet's injuries resulted from an automobile accident on July 14, 1975, between her car and a vehicle driven by defendant, Albert K. Uhry, and insured by defendant, Trinity Universal Insurance Company. Trial was held October 11, 1977.
Medical evidence from Dr. Cecil W. Clark, a general practitioner; Dr. David Drez, Jr., an orthopedic surgeon; and Dr. Richard W. Levy, a neurosurgeon, establish that Mary Ellen Druilhet suffered a moderate cervical strain or whiplash as a result of the accident. Dr. Clark, the family doctor, saw Ms. Druilhet the day after the accident at South Cameron Memorial Hospital. He prescribed a cervical collar, a steroid injection, muscle relaxants and analgesics. He last saw Mary Ellen Druilhet November 28, 1975, but suggested in a letter written March 17, 1977, that she have a neurosurgical evaluation, and treatment of any remaining symptomatic disability by a physician specializing in physical medicine, rehabilitation and electromyography. Dr. Levy's report (D-1) states that Ms. Druilhet does not have a ruptured intervertebral disc. The accompanying report from radiologists Schneider and Heard notes a slight disalignment of C4 on C5 in the cervical spine. The March letter of Dr. Clark (P-1) and the report of Dr. Levy both noted that Ms. Druilhet was seeing a chiropractor.
Mary Ellen Druilhet testified that her car was hit from the rear by the Uhry automobile and she still had pain in her back and neck at the time of trial. She was sent to Dr. Drez by Dr. Clark, and Dr. Drez sent her to Dowell Fontenot for physical therapy. She was treated by the physical therapist six times between July 22 and August 1, 1975, the treatment consisting of hydrocollator packs, muscle stimulation and ultrasound. Ms. Druilhet said she went to chiropractor Rogers on her own and goes only when she is in pain.
Dr. Drez testified that Mary Ellen Druilhet had a moderate cervical muscular strain. He saw her three times and sent her to the physical therapist. She complained on one occasion of back pain but he made no objective findings to substantiate this complaint. On February 17, 1977, Ms. Druilhet was complaining of pain and swelling in her neck. The neurological examination was normal but she had some tenderness in the sternomastoid muscle. Ms. Druilhet told Dr. Drez on this visit that she was seeing a chiropractor. Dr. Drez testified that pain resulting from muscular injuries is generally not disabling. Most treatment for such injuries is symptomatic, consisting of therapy, massage or exercise. However, Dr. Drez would not recommend chiropractic treatment for Ms. Druilhet or any other patient. Dr. Drez felt Ms. Druilhet should be asymptomatic 12 weeks after the accident, but admitted it was possible for her symptoms to continue beyond that time. He has seen patients whose symptoms of muscular strain lasted beyond 12 weeks. Dr. Drez felt that Ms. Druilhet's symptoms were prolonged but had no reason to doubt her sincerity.
Neil S. Rogers, Doctor of Chiropractic, testified that he treats various diseases and disorders by manual manipulation of the vertebrae to improve the natural resistance of the body. He first saw Ms. Druilhet on August 13, 1975. He said her spine was out of alignment as a result of the accident, and his treatment was directed toward correcting this condition. He testified that, as of the time of trial, she was 40% recovered but would remain symptomatic for a long time.
William R. Druilhet testified about the inconvenience caused by his wife's accident and complaints of pain.
The trial court concluded that chiropractor Rogers' adjustment of Mary Ellen Druilhet's vertebrae was not proper treatment for a soft tissue injury.
The award of general damages in the amount of $1,000 is within the trial court's much discretion, but denial of the balance of chiropractor Rogers' bill constitutes an abuse of discretion. In Act 39 of *42 1974, the Louisiana legislature expressed an intention to recognize chiropractors and legitimate chiropractic treatment in Louisiana. Denial of this item of damages, when the accident relationship is unquestioned, on the basis of other medical evidence, represents failure to comply with the legislative intention.
In addition to $392 paid by Travelers, plaintiff has made a payment of $437.60 on Dr. Rogers' bill. There is a balance remaining on the bill of $491.40. The treatment was rendered and the bill incurred as a result of the accident. There is no evidence that the charges are excessive.
An injured victim is not required to choose the best means of treatment or select the most skilled and competent physician, 22 Am.Jur.2d § 41 at p. 66. When there is no intervening cause between the accident and the injury and a patient acts reasonably in choosing a particular course of treatment, charges, even for improper treatment or overtreatment, remain a proper item of damages. It is the tort feasor rather than the tort victim who bears the expense. Hillebrandt v. Holsum Bakeries, Inc., 267 So.2d 608 (La.App. 4 Cir. 1972). Ms. Druilhet did not refuse to follow the advice of any of her physicians and went to the physical therapist to whom she was referred by Dr. Drez. Compare Reeves v. Louisiana and Arkansas Railway Co., 304 So.2d 370 (La.App. 1 Cir. 1974), writ denied, La., 305 So.2d 123, which held that one who refuses to follow medical instructions for rehabilitation cannot recover for a resulting failure to improve. The fact that Ms. Druilhet sought chiropractic treatment to alleviate her symptoms may be objectionable from the standpoint of the medical profession but she is entitled to choose such treatment.
The cases of Legohn v. St. Louis Fire and Marine Insurance Co., 221 So.2d 309 (La. App. 4 Cir. 1969) and Brumfield v. Fisher, 235 So.2d 145 (La.App. 4 Cir. 1970), writ refused 256 La. 822, 239 So.2d 346, cited by counsel for defendants, dealt with situations where there was a long gap in a course of treatment. Here there is no time interval present; Ms. Druilhet commenced seeing chiropractor Rogers in August of 1975, within a month of the accident, and continued receiving regular treatments from him until the time of trial. The trial court concluded that chiropractic treatment was inappropriate for Ms. Druilhet's injury but none of her physicians advised her against such treatment. Under these circumstances, failure to allow the additional charges in the amount of $929 was an abuse of discretion.
For the foregoing reasons, the judgment of the trial court herein is amended to award additional medical expenses of $929 and, as amended, is affirmed. All costs of this appeal are assessed against defendants-appellees, Trinity Universal Insurance Company and Albert K. Uhry.
AMENDED AND AFFIRMED.
DOMENGEAUX, J., concurs in the result.