LABORDE, Judge.
Plaintiffs, Adam and Janet Desormeaux, have appealed from a trial court judgment which awarded Mr. and Mrs. Desormeaux $17,500 in general damages and $9,768.48 in special damages but denied recovery of $8,123.55 for treatment of ailments found to have no causal connection to the tort (an automobile accident) committed by defendant, Shelby Eastin. Plaintiffs contend the trial judge erred in failing to award a greater amount of general damages and in failing to award all of the special damages requested. We find no abuse of discretion. We affirm.
Suit was filed by plaintiffs as a result of an automobile accident which occurred on February 9, 1980. The accident in question was a rear end collision, which was admittedly caused by the negligence of Shelby Eastin, an employee of J.P. Thibodeaux Olds, Inc.
Due to the accident, Mrs. Desormeaux felt immediate pain between her shoulder blades but she had no cuts, bruises, abrasions, or broken bones. The following morning, she awoke with pain in her neck, left shoulder, and left arm. She claimed that the accident caused blockage to her jugular vein and swelling at the base of her neck, just above her left clavical. Mrs. Desormeaux also claims that all of her symptoms have persisted from the date of the accident until the present.
The trial judge, as the trier of fact, reviewed either testimony or reports of seven doctors that had either treated or evaluated Mrs. Desormeaux’s condition. An overview of the doctor’s testimony shows that Mrs. Desormeaux’s symptoms indicated a blockage of the jugular vein, probably indicated a cervical strain or sprain, and possibly indicated thoracic outlet syndrome. The plaintiff received medical treatment for all the conditions and claimed these costs as part of the damages caused by the accident.
In his' reasons for judgment, the trial judge concluded that the jugular vein problem was unrelated to the accident and that she did not suffer from thoracic outlet syndrome. He stated:
“The result of these exhaustive medical procedures is to make it abundantly *117 clear that Mrs. Desormeaux has no orthopedic or neurological problem related to the automobile accident in question. I am further convinced that Dr. Turney never felt that she had thoracic outlet syndrome and reluctantly operated on her, after a years wait, simply because she continued to complain of pain and advised him that she absolutely wanted the surgery even after he informed her fully concerning the prognosis. The fact that the surgery did not relieve her complaints simply proves that Dr. Turney was originally correct.
All that the medical experts can agree •upon is that Mrs. Desormeaux suffered cervical strain or sprain. In fact, Dr. Laborde notes that she got relief from therapy and her complaints reappeared only when she failed to continue with her therapy.
I can find only that plaintiff has borne the burden of proving a very slow to resolve cervical strain: If she sustained in the accident in question injuries more serious, they have not been [proved].”
As a result of these findings of fact, the trial judge denied recovery for medical treatment not related to the cervical strain.
Plaintiffs contend that the trial judge erred in his findings of fact. We cannot disturb these findings absent manifest or clear error on the part of the trial judge. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). Based on our review of the record, we cannot find that the trial judge was clearly wrong in concluding that plaintiffs failed to prove every injury for which relief was requested and, of the injuries verified, plaintiffs failed to prove that they were caused by the accident.
Plaintiffs rely heavily on the case, Druilhet v. Trinity Universal Insurance Company, 361 So.2d 40 (La.App. 3d Cir.), writ denied, 363 So.2d 535 (La.1978). In Druil-het, the trial judge denied recovery for medical treatment he concluded was improper for plaintiffs type of injury. Id. The appellate court reversed, stating that when a patient relies on her doctor’s advice and “acts reasonably in choosing a particular course of treatment, charges, even for improper treatment or overtreatment, remain a proper item of damage.” Id. at 42. Druilhet is distinguished from the instant case in that the injury improperly treated in Druilhet was caused by the accident. In this case, there is no causal connection between the treatment of the thoracic outlet syndrome and the accident. Therefore, whether Mrs. Desormeaux chose proper or improper treatment for the thoracic outlet syndrome is not at issue.
Finally plaintiffs claim that the general damage award of $17,500 is inadequate considering the extent and duration of Mrs. Desormeaux’s complaints.
Appellate review of damage awards is well stated by the following:
“The appellate review of awards for general damages is limited to determining whether the trial court abused its great discretion. The adequacy or inadequacy of an award should be determined on the basis of the facts and circumstances peculiar to the case under review, having in regard also that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony, including that of residual pain.”
Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506, 507 (La.1978) (citing Revon v. American Guarantee & Liability Ins. Co., 296 So.2d 257 (La.1974)).
The trial judge found that Mrs. Desor-meaux’s complaints were exaggerated. His opinion is based on the facts that there were no objective findings to substantiate many of Mrs. Desormeaux’s complaints and that while Mrs. Desormeaux complained of severe pain she took little medication to relieve her pain.
Our careful review of the record convinces us that the trial judge did not abuse his “much discretion” in the award of general damages. LSA-Civil Code Art. 1934(3). For the reasons cited by the trial judge and for the fact that much of Mrs. Desormeaux’s discomfort may be attrib *118 uted to ailments not caused by the accident, we shall affirm the award for general damages.
The judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.