GULOTTA, Judge.
This is an appeal from a judgment in favor of plaintiff for personal injuries received and medical expenses incurred arising from an accident which occurred on October 26, 1966, at the intersection of Royal and St. Ann Streets. Plaintiff has not answered the appeal but seeks to have the judgment of the trial court áffirmed.
Plaintiff, Marie Dorothy Goodie, was a guest passenger in a vehicle operated by defendant, Joseph M. Williams, who was proceeding toward the river on St. Ann Street when struck at the intersection by a vehicle proceeding on Royal Street in the direction of uptown in the city of New Orleans. The latter vehicle was operated by defendant, Ignatius J. Reggio, owned by defendant, Diamond Drayage, Inc., and insured by defendant, Continental Insurance Company. Plaintiff alleges that the sole and proximate cause of the accident was the negligence of Ignatius J. Reggio. Defend *237 ants-appellants filed a third party petition alleging that the negligence of Joseph M. Williams was the sole and proximate cause of the accident and alternatively, that Joseph M. Williams was a joint tort feasor.
The trial court found that the accident was caused by the joint and concurrent negligence of Ignatius J. Reggio and Joseph M. Williams and gave judgment in favor of plaintiff, Marie Dorothy Goodie, and against Ignatius J. Reggio, Diamond Drayage, Inc., and Continental Insurance Company in the amount of $1,727.72 plus court costs and interest. Additionally, the Court gave judgment in favor of Ignatius J. Reggio, Diamond Drayage, Inc., and the Continental Insurance Company against Joseph M. Williams in the amount of one-half of said judgment. Defendant Williams neither answered the third party petition nor appeared in Court during the trial.
Defendants-appellants Ignatius J. Reg-gio, Diamond Drayage, Inc., and Continental Insurance Company bring this appeal from the trial court judgment holding them concurrently negligent and therefore jointly liable with Williams to plaintiff.
The issue before us is, therefore, the question of the negligence of Reggio, upon which is based the liability of defendants Reggio, Diamond Drayage, and Continental Insurance.
Defendants contend that in the trial judge’s Reasons for Judgment, two erroneous factual conclusions were drawn which if rectified would change the result of the decision. Firstly, defendants-appellants argue that the trial court erred in its finding that defendant Reggio saw another vehicle approaching Royal Street on St. Ann when he was 40 feet from the intersection. We disagree with this contention. When originally questioned as to how the accident happened, Mr. Reggio described it as follows:
“THE COURT: You were going up Royal ?”
“THE WITNESS: Yes. And about two or three cars length from the corner, I noticed a flash of this grill, this bumper coming across real fast. And I think just about a cars length from the corner, I noticed him coming through and I hit the brakes as quick as I could. * * * ” (emphasis added)
Upon further questioning, Mr. Reggio, on several occasions, indicated his estimate of two cars’ length to be about 40 feet. He preferred talking in terms of cars’ length, however, to numbers of feet. Thus, Mr. Reggio’s original testimony that he noticed a bumper about two or three cars’ length from the intersection indicates that the Court was not mistaken in estimating this distance at 40 feet.
Defendants-appellants’ additional contention that the trial judge erred in concluding that Reggio was traveling at a rate of speed faster than or at least 30 miles an hour is also without merit. The conclusions of the trial judge are amply supported by the record.
The trial judge in his well considered reasons reviewed the evidence in part as follows:
“ * * * The Court is of the opinion that in this case — as in the case of nearly every intersection collision — the accident would not have happened had it not been for the concurrent negligence of both drivers. If, as testified by plaintiff, the automobile of Williams stopped at the stop sign, Williams then had the further obligation to make certain that traffic on Royal Street was at a sufficient distance from the St. Ann Street intersection to permit him to cross Royal Street in safety.
“On the other hand, Mr. Reggio, driving the truck — even though on a favored (though very narrow) street — still had the obligation to observe traffic attempting to cross Royal Street. Reggio testified that he first sighted the automobile when he was 40 feet from the intersection, at which time *238 he had his foot on the brake pedal. Had he then stopped, or even slowed down, he obviously would not have struck the automobile. This is especially true, if as he testified, the automobile was going at an excessive rate of speed, and certainly he would not have struck the automobile in its center or nearer the front portion thereof. The fact that there were skid marks of only 12 feet before the impact clearly indicates that Reggio did not apply his brakes until he was 12 feet from the point of impact, although he said he saw the automobile emerging when he was 40 feet from the intersection. Further, the fact that the truck struck the automobile and was ‘spun around to a ninety-degree angle,’ and badly damaged, would seem to indicate that Reggio was driving faster than 30 miles an hour (or at least that fast) even at the point of impact. * * * ”
We fail to find manifest error by the trial court but, on the contrary, we are of the opinion that the record amply supports his finding of concurrent negligence. The court in Wilson v. Scurlock Oil Company, 126 So.2d 429, 436 (La.App. 2d Cir. 1960) discussed concurrent negligence:
“There may be more than one proximate cause of an accident or injury and, where each of the concurrent efficient causes contributes directly to the accident or injury, each of said acts constitutes approximate cause thereof. Thus, as a general rule, negligence, in order to render a person liable, need not be the sole cause of an accident or injury. It is sufficient that negligence concurring with one or more other efficient causes combine to produce the damage or injury. Concurrent causes are causes acting together to produce an injury which would not have resulted in the absence of either. Concurrent acts of negligence which may impose liability on two parties acting separately need not necessarily occur simultaneously if they are so related to directly contribute to the accident. 65 C.J.S. Negligence § 110, p. 674.”
In light of the applicability of this doctrine to the accident at issue we accordingly concur with the trial court’s conclusion that the negligence of both drivers, Reggio and Williams, caused the resultant injury to plaintiff.
In absence of a finding that the trial court committed manifest error, the judgment of the court must be affirmed. Gulling v. E. I. DuPont de Nemours & Co., 228 So.2d 750 (La.App. 4th Cir. 1969).
Affirmed.